<table>
<tr><td>

☒District Court ☐Juvenile Court
___Mesa_____ County, Colorado
Court Address:
125 North Spruce
P.O. Box 20000-5030
Grand Junction, CO 81502

___Alyssa-Christie Montalbano_____
Plaintiff
and

James Corey Goode
Defendant

</td><td>

▲  **COURT USE ONLY**  ▲

</td></tr>
</table>

| Attorney or Party Without Attorney (Name and Address): Alyssa-Chrystie Montalbano 2536 Rimrock Ave, Suite 400-117 Grand Junction Colorado 81505 Phone Number: 970-250-8365    E-mail: aristoneart@ymail.com FAX Number:                           Atty. Reg. #: | Case Number: 18CV50  Division 10         Courtroom 10 |
|---|---|

## MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT

### DEFENDANT JAMES COREY GOODE'S MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT UNDER C.R.C.P. 12(B)(5)

At base, Alyssa Christie Montalbano's ("Plaintiff[1]") filing of papers (the "Complaint") with this Court amounts to no cognizable legal or equitable claim. Its Complaint fails not for many reasons, but for *all* reasons...real or imaginable, in state court or federal, in this dimension or the next. Attempting to piece together any cause of action is a creative effort at best, and downright impossible in reality. Plaintiff's constant harassment of Mr. James Corey Goode ("Mr. Goode" or "Defendant") has finally come to a head, and Mr. Goode respectfully requests this Court dismiss Plaintiff's alleged "Complaint" in its entirety. In an attempt to construct (for Plaintiff) and address (on behalf of Mr. Goode) the alleged

---

[1] It is undoubtable that Alyssa Christie Montalbano, by virtue of her filings with this Court, is not even a Plaintiff in this Court, but someone who is, in order to harass and gain the attention and time of Mr. Goode due to her obsession with him, wasting the Court and Mr. Goode's time, resources, money, and patience in a feeble attempt to secure a spot in the public eye via Mr. Goode's fan following. However, for purposes of this Motion to Dismiss, she will be referred to as "Plaintiff" and Mr. Goode as "Defendant".

causes of action that Plaintiff may be attempting to assert in its Complaint, Mr. Goode shows further

below:

**<u>Brief Summary</u>**

As a threshold matter, Plaintiff altered the Civil Cover Sheet filed with her pleading to include a

nonsensical reason for applying C.R.C.P. 16.1. The statement says that this case is governed by C.R.C.P.

16.1 because:

> "It is a Constitutional matter and may be heard by the courts in accordance with the
> Constitution of the United States of America and Colorado Constitution and per Due
> Process of Law, pursuant to Oath of Office taken to support and uphold such
> Constitutions and the inalienable rights and laws contained therein."

What this has to do with case management escapes Defendant, but if the case should survive this

Motion, then the damages to Mr. Goode would very seriously reach over $100,000.00 due to the harm

to his business and reputation. Also, there will most likely include some mental health allegations filed

by Mr. Goode along with any counterclaims. As such, Mr. Goode intends to take full advantage of the

discovery options open to him, including Interrogatories and Requests for Production. His filing of the

instant motion is not intended to be a waiver of any of his rights to counterclaim and sue, assert any

applicable defenses, or raise any additional evidence.

Plaintiff has been stalking Mr. Goode for well over a year now, and because her advances and

cries for attention have been unheard and thus not acknowledged—except for a phone call in February

of this year wherein she was instructed to cease contact with Mr. Goode (she did not; *see* Plaintiff's

"Memorandum Brief" pages 2-3 of 7, §III ¶¶7-11) by his colleague, Roger Richards[2] (*See* Plaintiff's

---

[2] Mr. Richards is referred to by Plaintiff as Mr. Goode's "security guard", which is incorrect—Mr. Richards is a long-known friend and trusted colleague of Mr. Goode. There is a recording of the conversation between Mr. Richards and Plaintiff that can be made available at the Court's request. This call was to address some 400 emails she had sent to Mr. Goode's public email address and triggered a security alert from Mr. Goode's security team.

"Memorandum Brief" at page 2 of 7, §III ¶6)—she has taken it upon herself to seek entanglement of the court system in a desperate cry for attention. Her motive for this lawsuit is clear as stated in her "Complaint" that:

> "[Plaintiff] was unable to attain a fair review of her materials at GAIA INC (sic), due to the defamation of her character by Mr. Goode. . .[she] was told by Senior employees at GAIA INC (sic) and the CEO prior they liked her, then, suddenly everyone stopped speaking with [her] for no apparent reason".

(Plaintiff's "Memorandum Brief" at page 2 of 7, §III ¶3). It is quite obvious that through the filing of this vexatious "lawsuit", Plaintiff merely is attempting to garner attention of Mr. Goode and Gaia[3].

In addition to this, she has also "by mistake and error" ("Memorandum Brief" at page 2 of 7, §III ¶1) sent hundreds of emails and multiple packages containing her "dream visions" and threats at legal action to a company with whom he has a contractual business relationship with called Gaia, Inc. (Plaintiff's "Memorandum Brief" at page 2 of 7, §III ¶¶8-11), thus tortiously interfering with his business relationship with them.

Because the standard on a Motion to Dismiss is that "the Court must take all pleaded allegations as true and construe them in the light most favorable to Plaintiff", we will focus now on the "allegations" that Plaintiff has attempted to make:

1. Plaintiff owns Intellectual Property
2. Plaintiff owns "Dream Visions"
3. Plaintiff owns Copyrighted Materials
4. Plaintiff has been defamed
5. 1-3 were all stolen by Mr. Goode
6. 4 is because of and due to actions by Mr. Goode.
7. Mr. Goode is in default

(Plaintiff's Complaint, *passim*).

---

[3] Gaia is a social media online community with hundreds of thousands of subscribers in 120 countries.

Her "facts" include a list of the materials that she has allegedly sent Mr. Goode. Seventy-seven pages of these "materials" were filed in Mesa County Records as what seems to be a deed grant. (See "Affidavit of Truth" page 2 of 8). Included in these materials are certain pieces of dreams that she had to which she attempts to draw a correlation to material presented on the show Cosmic Disclosure, the show that Mr. Goode is and has been guest starring on now for over three years. These "synchronicities" include things such as her dream about "sparkles" and "shimmer" and—***four months later***—the words "sparkling light" and "shimmering" being used on Cosmic Disclosure. (See Exhibit G 1 of 3, 2-3). Some of the "associations" are too tangential to even connect after quite a few leaps: Alyssa has to navigate an "Axe House"; Mr. Goode talked about heads hovering off the floor. (Exhibit G, 2 of 3, 2-6).

Basically, Plaintiff has shown zero specific intellectual property—copyright or otherwise—rights that she owns, dream visions do not exist as tangible or intangible property (at least not recognized in this state/country/realm), Plaintiff fails to show—and Mr. Goode has not made—any broadcasted any defamatory statement published or uttered in or as a part of a visual or sound radio broadcast[4].

Further, Plaintiff's claims fail completely on its face because not only has it not alleged proper jurisdiction, but the claims it "asserts" are federal claims, not state. Finally, Plaintiff did not even meet the bare-bones pleading standard of Rule 8. In addition for failing to plead jurisdiction (or, more appropriately, mis-plead lack of jurisdiction) Plaintiff failed yet again by asserting a federal claim in a state court action.

## **Arguments and Authorities**

Arguably, Motions under C.R.C.P. 12(b)(5) are not favored under Colorado law. However, this case is exceptional in that is quite certainly a "textbook case". Upon review of a Motion to Dismiss

---

[4] *See* CO Rev Stat § 13-21-106 (2016).

Under C.R.C.P. Rule 12(b)(5), the Court must accept the claims of the complaint as true and construe them in the light most favorable to the Plaintiff. Motions to dismiss pursuant to C.R.C.P. 12(b)(5) are looked upon with disfavor and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Verrier v. Colo. Dept. of Corr.*, 77 P.3d 875 (Colo. App. 2003). In ruling on a motion to dismiss for failure to state a claim pursuant to C.R.C.P. 12(b)(5), the trial court must accept the facts of the complaint as true and determine whether, under any theory of law, plaintiff is entitled to relief. The complaint is sufficient if relief could be granted under such circumstances. *W.O. Brisben Co., Inc. v. Krystkowiak*, 66 P.3d 133 (Colo. App. 2002).

Plaintiff has not been able to show any IP rights that she owns, any defamatory remarks by Defendant, nor any sort of procedural history that would entitle her to a default judgment—assuming, arguendo, that the default judgment is handled under Colorado State Law (as opposed to Federal Rule of Civil Procedure 55—the statute she invokes in her pleading).[5]

## IP Infringement

Intellectual Property rights are more a matter of Federal Law than state—and thus, venue for this action is quite certainly in federal court (if any). That fact aside, one must only look to the substance of the law to see that IP does not cover any sort of interest asserted by Plaintiff in its action. Copyright is a form of legal protection for authors of "original works of authorship," including literary, dramatic, musical, artistic, and certain other intellectual works. This protection is available to both published and unpublished works. (U.S. Copyright Act, 17 U.S.C. §§ 101 et seq). Copyright protects certain works:

- Literary works
- Musical works, including accompanying words
- Dramatic works, including accompanying music

---

[5] Plaintiff also mentions Federal and Colorado Rules of Evidence, which obviously has not application here nor invokes a cause of action.

- Pantomimes and choreographic works
- Pictorial, graphic, and sculptural works
- Motion pictures and other audiovisual works
- Sound recordings
- Architectural works

(17 U.S.C. §102(a)). Nowhere in Section 102 does the statute allow for Dream Visions. Published, or

unpublished.

Certain material is not protected:

- Titles, names, short phrases and slogans; familiar symbols or designs, mere variations of typographic ornamentation, lettering, mere listings of ingredients or contents
- **Ideas, procedures, methods, systems, processes, concepts, principles, discoveries, or devices, as distinguished from a description, explanation, or illustration**
- Certain works produced by government employees
- Works consisting entirely of information that is common property and containing no original authorship
- Works in the public domain

(17 U.S.C. §102(b)) (emphasis added).

Plaintiff's ideas encapsulated in her dream visions are not actual copyrighted works. Nothing

else in Plaintiff's motion could be construed as copyrighted work.

Further, Plaintiff does not claim a source indicator or Trademark under the Lanham Act, nor a

patented technology under 15 U.S.C. § 1051 et seq. If Plaintiff owns IP, it does not pertain to the issue at

hand.

**<u>Defamation</u>**

Colorado's rule on against broadcast defamation is embodied in CO Rev Stat § 13-21-106 (2016).

There was nothing broadcast, and thus this rule does not apply. Under CO Rev Stat § 13-25-125.5 (2016),

no action for libel or slander may be brought or maintained unless the party charged with such

defamation has published, either orally or in writing, the defamatory statement to a person other than

the person making the allegation of libel or slander. Self-publication, either orally or in writing, of the defamatory statement to a third person by the person making such allegation shall not give rise to a claim for libel or slander against the person who originally communicated the defamatory statement. Mr. Goode did not publish any defamatory statements. Plaintiff has not alleged he has. There is no cognizable claim for defamation under Colorado law.

## **Declaratory Judgment**

The appropriate Colorado Rule for Default Judgment is embodied in CO Rev Stat § 13-63-101 (2016). The law states: (1) In every civil action in which the default of a party against whom a judgment for affirmative relief is sought has been entered, the court may enter judgment based upon affidavit of the party seeking such affirmative relief. There has been no civil action where relief sought has been entered. Even if this Court applies Colorado state law instead of Federal (as Plaintiff improperly asserted), there is nothing here.

## **Exemplary Damages**

CO Rev Stat § 13-21-102(3) states:

Notwithstanding the provisions of subsection (1) of this section, the court may increase any award of exemplary damages, to a sum not to exceed three times the amount of actual damages, if it is shown that:

(a) The defendant has continued the behavior or repeated the action which is the subject of the claim against the defendant in a willful and wanton manner, either against the plaintiff or another person or persons, during the pendency of the case; or

(b) The defendant has acted in a willful and wanton manner during the pendency of the action in a manner which has further aggravated the damages of the plaintiff when the defendant knew or should have known such action would produce aggravation.

Because Plaintiff engaged in willful, wanton and egregious conduct by sending hundreds of letters and filing this vexatious lawsuit as well as sending multiple communications regarding the same to Mr. Goode's business contact, Mr. Goode is requesting exemplary damages.

## Conclusion

None of Plaintiff's "claims" (construing them in light most favorable to the Plaintiff) have any teeth. Her claims are vexatious and unsupported. As such, Defendant Mr. Goode respectfully requests this Court **DISMISS** plaintiff's complaint in its entirety, **AWARD** Defendant costs and attorneys fees, and exemplary damages under CO Rev Stat § 13-21-102 (2016).

Respectfully,

____/s James Corey Goode_____

James Corey Goode, Defendant

**C.R.C.P. 11(b) Statement:** In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Valerie Yanaros Wilde,
Attorney for Defendant (Per CRCP 11(b))
5057 Keller Springs, Suite 300
Addison, TX 75001
(512) 826-7553
TX State Bar No. 24075628