UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALYSSA-CHRISTIE MONTALBANO § § § § § § § § § §<br>    Plaintiff,<br><br>v.<br><br>JAMES COREY GOODE,<br>    Defendant. | C.A. NO.: 1-18-CV-02060-STV<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant **James Corey Goode** ("Mr. Goode"), hereby files his Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint (Docket 12-1, Amended Exhibit A). Subject to resolution of his Motion to Dismiss (Docket 1-2, Exhibit B) responds and states as follows:

## GENERAL DENIAL

Many, if not all, of the allegations contained in Plaintiff's Complaint are a mischaracterization of the facts and therefore Mr. Goode generally denies the allegations therein contained. To the extent any particular allegation is not specifically admitted, it is hereby denied.

## **OUTLINE OF DOCUMENTS FILED**

Plaintiff filed five (5) documents along with its initial filing, listed as follows:

1. Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character (Docket 12-1 at 6)

2. Motion for Default Judgment to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character (Docket 12-1 at 10)

3. Proposed Order to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character (Docket 12-1 at 14)

4. Memorandum Brief in Support of Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character (Docket 12-1 at 18)

5. Affidavit of Truth for Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character (Docket 12-1 at 25)

Documents 2, 3 and 5 do not require response by Mr. Goode, but are full of mischaracterizations of fact, misapplications and/or restatements of law, and/or are (misplaced or completely nonsensical) conclusions of law and as such Mr. Goode generally denies. To the extent that Plaintiff is attempting to seek a default judgment per Federal Rule of Civil Procedure 55, Mr. Goode responds that such a

request is untimely at best and completely inappropriate, vexatious, and a horrible waste of the Court and parties' time and resources.

Turning to Document 1 ("Plaintiff's Motion") and Document 4 ("Memorandum Brief in Support"), Mr. Goode responds as follows:

**<u>Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character</u>**

1) Mr. Goode admits that Plaintiff sent communications to him via, inter alia, USPS mail demanding a response. Mr. Goode did not even look at any of these letters due to the fact that Plaintiff had previously sent over 400 emails and was instructed not to contact Mr. Goode, and such letters were turned over to his security team and counsel. The rest of Paragraph 1 does not make any sense and is as such, denied.

   a. Denied.
   b. Denied.
   c. Mr. Goode did file with Broomfield County Court a temporary stalking order against Plaintiff that was **granted**. Such order is to his knowledge currently pending disposition as to whether or not it will be made permanent. The remainder of paragraph (1)(c) is denied.

    d.  Denied.[1]

    e.  Denied.

2) Paragraph (2) is comprised of legal conclusions and is, as such, denied.

3) Denied.

### Memorandum Brief in Support of Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character

I.  Denied.

II. Because a legal conclusion, Paragraph (II) does not require a response, but to the extent that it does is denied

III. Denied

    1)  Denied.

    2)  Denied.

    3)  Denied.

    4)  Denied.

    5)  Denied.

    6)  Admitted except to the mischaracterization of Mr. Richards as Mr. Goode's "security officer" and that Plaintiff "respected the request

---

[1] The phrase "military grade (sic) tactics" is not defined by Plaintiff, but any tactics outlined on Wikipedia at https://en.wikipedia.org/wiki/List_of_military_tactics (last accessed 8/20/2018) were not employed by Mr. Goode against Plaintiff.

**ANSWER, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**                                                                            **PAGE 4**

from Mr. Richards and stopped emailing" (which is *directly* refuted by Plaintiff in Plaintiff's following paragraph, (III)(7)) and to those two points is denied.

7) Admitted that Plaintiff sent an email to Mr. Goode, denied as to the mischaracterization of the email.

8) Denied.

9) Denied.

10) Denied.

11) Denied.

12) Denied.

13) Denied.

14) Denied

15) Denied.

16) Denied.

17) Denied.

18) Denied.

19) Denied.

20) Denied.

21) Denied.

22) Denied.

23) Denied.

24) Denied.

25) Denied.

IV. Denied.

V. Denied.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

*Non-Infringement*

Mr. Goode has not infringed and is not infringing any valid intellectual property right or copyright that Plaintiff has attempted to plead in this action.

## SECOND AFFIRMATIVE DEFENSE

*Lack of Protectable Rights*

Plaintiff's claims for relief are barred, in whole or in part, because its alleged "dream visions" are not actually intellectual property at all—by way of copyright, trademark, trade secret, patent or otherwise.

THIRD AFFIRMATIVE DEFENSE

*Failure to State a Claim*

Plaintiff's claims for relief are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## COUNTERCLAIMS

### BACKGROUND

1. Plaintiff is, upon information and belief, a resident of Mesa County, and a fan of Mr. Goode.

2. Mr. Goode is a resident of Broomfield County, and a public figure and celebrity that is known for his work, inter alia, on the show "Cosmic Disclosure" on Gaia T.V., as well as his company and brand "Sphere Being Alliance" that has various media outlets and has a sizable viewership across the United States and the world.

### JURISDICTION AND VENUE

3. Plaintiff filed a Complaint Mesa County Court alleging (or attempting to allege) violations of the Lanham Act, Copyright Act and Defamation.

4. Mr. Goode removed the action to the District Court for the District of Colorado under 28 U.S. Code § 1446.

Case 1:18-cv-02060-RM-GPG   Document 13   Filed 08/20/18   USDC Colorado   Page 8 of 10

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

6. Plaintiff has submitted itself to personal jurisdiction in the District Court for the District of Colorado by commencing suit here under federal law (although mistakenly in County Court), and is further subject to such personal jurisdiction because, on information and belief, it maintains its principal place of business in this District.

7. Venue for this Counterclaim is proper in this District pursuant to 28 U.S.C. § 1391 and based upon the filing by Plaintiff of its complaint against Mr. Goode.

## FIRST COUNTERCLAIM

### *Declaratory Judgment of Non-Infringement*

8. Mr. Goode repeats and realleges the allegations contained in contained in Paragraphs 1 through 7 of its Counterclaims as if fully set forth herein

9. Mr. Goode is not infringing and has not infringed or otherwise violated Plaintiff's alleged copyrights.

10. Plaintiff possesses no enforceable rights in "dream visions".

ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS                                                         PAGE 8

11. A declaratory judgment in Mr. Goodes' favor should issue because, among other reasons, there is no Intellectual Property rights in "dream visions" and therefore Mr. Goode is not infringing any right.

## SECOND COUNTERCLAIM

*Declaratory Judgment of No Unfair Business Practices*

12. Mr. Goode repeats and realleges the allegations contained in contained in Paragraphs 1 through 11 of its Counterclaims as if fully set forth herein

13. Mr. Goode is not engaging in unfair business practices.

14. Plaintiff possesses no enforceable rights in "dream visions".

15. A declaratory judgment in Mr. Goodes' favor should issue because, among other reasons, there is no Intellectual Property rights in "dream visions" and therefore Mr. Goode is not engaging in unfair business practices.

## CONCLUSION AND REQUEST FOR ATTORNEYS' FEES

Mr. Goode expects to prevail against Plaintiff's improper and nonsensical allegations and assertions. Mr. Goode has undergone much financial strain in order to prevail against Plaintiff's frivolous lawsuit and will prove through the litigation that Plaintiff's claims are factually unreasonable and completely lacking legal merit. Mr. Goode will seek to recover its attorney's fees to the fullest extent permitted by 15 U.S.C. § 1117(a) and as the Court may deem just and appropriate.

**AS SUCH, Mr. Goode respectfully requests this Court to DENY Plaintiff's claims and enter judgment GRANTING relief to Mr. Goode as requested, including the awarding of attorneys' fees.**

Dated: August 21, 2018                    Respectfully Submitted,

s/ **Valerie Yanaros Wilde**
**Valerie Yanaros Wilde**
**Yanaros Law, P.C.**
**5057 Keller Springs, Suite 300**
**Addison, Texas 75001**
**Telephone: (512) 826-7553**
valerie@yanaroslaw.com

**Attorney for Defendant**
**James Corey Goode**

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 20th day of August a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. A copy of this document will be served upon the plaintiff in accordance with FRCP 4.

/s Valerie Yanaros Wilde
Valerie Yanaros Wilde