UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 31 2018

JEFFREY P. COLWELL
CLERK

| | | |
|---|---|---|
| Alyssa-Chrystie: Montalbano | § | |
| Plaintiff | § | CIVIL ACTION NO.: |
| | § | 1:18-cv-02060-STV |
| v. | § | |
| | § | |
| James Corey Goode | § | JURY TRIAL DEMANDED |
| Defendant | § | |
| | § | |
| | § | |

## MOTION FOR REMAND

## FOR MULTIPLE VIOLATIONS OF DUE PROCESS

Comes now, Plaintiff in error, Alyssa Chrystie Montalbano, and moves this honorable court to Dismiss Defendant in error's new counterclaim case 1:18-cv-02060-STV by way of remand for failure to lawfully Remove case 18CV50 within 30 days (28 USC 1446(b)(1), failure to notice Mesa courts of removal within 14 days of the date of filing for Removal (D.C.COLO.LCivR81.1), and repeat violations of Due Process of Law and in particular FRCP Rule 11 and FRCP Rule 37(4) for Defendant pursuing frivolous claims, lying in court, and evading, in conjunction with violating multiple local and federal rules of professional conduct

and civil procedure, by Defendant James Corey Goode and Attorney Valerie Yanaros Wilde for the following legal and lawful reasons:

### MESA COUNTY CASE 18CV50 DEFENDANT VIOLATIONS

1. **Defendant's attorney Ms. Yanaros Wilde has never lawfully entered into case 18CV50** located in Mesa County, Grand Junction, Colorado, opened June 25, 2018 against Mr. Good for fraud and theft of Ms. Montalbano's Private (Intellectual) Property and as opened and filed in accordance with due process of law as a civil case between two flesh and blood people. (*Colorado Constitution Article II, Sections 14, 15 and 25; Constitution of the United States of America, Bill of Rights, Amendment XIV*);

   **(a)** Ms. Yanaros Wilde has never filed a motion with Mesa courts requesting to be admitted onto the case record,

   **(b)** As of the date of this motion she is not a member of the Colorado Bar Association and,

   **(c)** Ms. Yanaros Wilde did not attain a Pro Hac Vice Colorado attorney counterpart. (C.R.C.P. 220, 221, 221.1, and 222)

   **Currently, Mr. Goode, Defendant, is Pro Se in case 18CV50.**

2.     **Instant Case 18CV50, located at Grand Junction, Mesa County, District Court, has received no Notice of Removal by Defendant** or any filings attesting to any such Removal activities and remains properly open as an independent case as of the date of this writing August 29, 2018 (16 days after Notice of Removal filed with Federal Courts August 13, 2018).

3.     **According to 28 USC 1446(b)(1), a Defendant <u>must file a Notice of Removal with the courts</u> where the instant case against them is filed <u>within 30 days</u> of receiving the initial pleading.**

   **(a)**     **Mr. Goode avoided and evaded service of Summons** since failed service attempt by Civil Officer, Mike Blea, June 27, 2018 (Document 12-2 at 5) **and knowingly and willingly avoided service of summons since** Ms. Montalbano e-mailed Texas attorney Ms. Yanaros Wilde, **July 1, 2018, requesting cooperative service of summons on Mr. Goode.** No reply was received from Ms. Yanaros Wilde until July 13, 2018 (almost 2 weeks later) and Ms. Yanaros Wilde continued to avoid and evade negotiating proper service of summons on Mr. Goode and accepted a format for service that was not available to Pro Se parties, Electronic Service.

   **(b)**     During email discussions of service of summons on Mr. Goode, Ms. **Yanaros Wilde, behind Ms. Montalbano's back, knowingly**

and willingly assist Mr. Goode to place a fraud on the Broomfield courts, July 17, 2018, to gain an unfair advantage through frivolous and without merit criminal charges. (see No. 4-6 this document)

(c)    Mr. Goode appeared in Mesa County District Civil case 18CV50 on July 18, 2018, by way of filing a response with the Mesa Courts and acknowledged his acceptance of summons in so doing and to which a courtesy copy of the Summons has also been provided by Plaintiff, to Defendant and alleged attorney, by way of United States Post Service Certified Mail on the same date the case was opened, June 25, 2018, and received on or about June 27, 2018. (Document 12-1 – Summons) As of the date of this Motion, August 29, 2018 (42 days), Mr. Goode is beyond the scope of the 30 days allotted by Due Process for lawful remove of case 18CV50 by Defendant to another court.

(d)    As of the date of this motion, August 29, 2018, Mr. Goode, Defendant, has completely failed to serve his Mesa District Court July 30, 2018 filed document (29 days since date of filing) titled "Reply to Plaintiff's Response to Mr. Goode's Motion to Dismiss for Failure to State a Complaint." (Document 1-4) and that requires response and considerations by Plaintiff. (FRCP Rule 5) Ms.

Montalbano only learned of Document 1-4 since Defendant opened and filed it with this instant case 1:18-cv-02060-STV.

## BROOMFIELD CASE 18C103 DEFENDANT VIOLATIONS

4.      **Ms. Yanaros Wilde never lawfully entered into Broomfield Combined Courts case 18C103 located in Broomfield County, Colorado,** and violated the same rules of due process as she has with the Mesa County District Civil court (C.R.C.P. 220, 221, 221.1, and 222) and whereby in both cases, **Ms. Yanaros Wilde used color of law** (18 USC 242) to present herself to Plaintiff as an attorney with authority to represent Defendant.

5.      **On July 17, 2018 Ms. Yanaros Wilde assisted Defendant in placing a fraud on the Broomfield Combined Courts, to attain a fraudulent, frivolous,** and without merit, (CRPC Rule 3.1) **temporary stalking protection order** against Ms. Montalbano by **knowingly and willing providing false evidence** (CRPC Rule 3.4(b)), **false statements** (CRPC Rule 4.1), and **incomplete information** to the Broomfield courts (CRPC Rule 3.3) **in Ex Parte hearing** (CRPC Rule 3.3(d)) in order **to gain an unfair advantage in case 18CV50 by way of criminal charges**. (CRPC Rule 3.8) **Ms. Montalbano has a clean record.**

(a)     **Mr. Goode filed Ms. Montalbano's legal presentments** and offer for remedy outside of litigation **as stalking evidence and made knowing false statements,** such as Ms. Montalbano made "repeat calls" (phone) when she doesn't have Mr. Goode's phone number. (CRPC Rule 3.4(b), Rule 4.1, Rule 3.3))

(b)     **Mr. Goode and Ms. Yanaros Wilde failed to serve summons on** Ms. Montalbano (CRCP Rules 4 and 5) and instead notified Ms. Montalbano on July 23, 2018 by email of the stalking hearing the following day in Broomfield Combined Courts, an approximate 5 hour drive for Ms. Montalbano. Ms. Yanaros Wilde had already been noticed; more than once; she must send and serve legal documents by mail. (Document 12-1 at 33 (Exhibit A for case 18CV50)) Ms. Montalbano was burdened and spent the next 13 hours writing a response, slept less than 1 hour, drove to the Broomfield courts, and attended the hearing the following day.

(c)     **In open court on July 24, 2018, based on a 'preponderance of the evidence' by Magistrate Russell, Mr. Goode was found to have no stalking evidence against Ms. Montalbano,** he was informed he was to hire a Colorado attorney and that he had no attorney (Ms. Yanaros Wilde) on his filed stalking claim record with

the Broomfield Combined Courts. Mr. Goode was also noticed in court he could **only have one continuance**, which **he used that** day. Mr. Goode told the courts he would provide witnesses against Ms. Montalbano and the case was continued to **August 6, 2018 at 10am**. **Mr. Goode failed to appear** and instead wrote a motion asking for a second continuance alleging an ailing father in Texas that he had to go visit, the same state his attorney resides in.

**Broomfield stalking case, 18C103, and temporary stalking protection order were <u>dismissed</u> in open court August 6, 2018 and Mr. Goode's motion for continuance denied.** (Exhibit 1 – Case Dismissed *Note court error on record states August 7, 2018 date. Hearing was August 6, 2018 per the correct "Issue date 8/6/2018" and "Date Filed: August 6,2018 5:43PM")

6.      **Mr. Goode and Ms. Yanaros Wilde violated due process of law** to attain a temporary stalking protection order **to further frustrate Ms. Montalbano's attempts to obtain rightful redress and repose** and to which stalking was only alleged after Plaintiff began due process of law for remedy and attribution due. (CRPC  Rule 3.1, CRPC Rule 3.2, CRPC Rule 3.4, CRPC Rule 3.5, CRPC Rule 3.8)

## FEDERAL CASE 1:18-CV-02060-STV DEFENDANT VIOLATIONS

7.      **Mr. Goode and Ms. Yanaros Wilde,** as of date of this motion, August 29, 2018, **have again <u>failed to serve</u>** or provide Ms. Montalbano with copies of **<u>everything</u> filed in this instant Federal case.** (CRCP Rule 4 and 5; and FRCP Rule 5) **Failure to serve is a regular and consistent pattern** for Defendant and by and through his Attorney regarding documents filed with the courts.  Ms. Montalbano discovered Defendant failed (yet again) to serve copies of everything filed due to learning about and registering with PACER.gov on August 22, 2018 and finding the following documents were not served by Attorney as of the date of first looking on the site; NOTICE OF REMOVAL (Document 1); REPLY TO PLAINTIFF'S RESPONSE TO MR. GOODE'S MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT (Document 1-4); AMENDED/SUPPLEMENT NOTICE OF REMOVAL (Document 12); the former three filed documents recently arrived in a Fed Ex mailing from Attorney on August 28, 2018 dated August 27, 2018, which would have allowed for very minimal response time for Plaintiff regarding the consent/non-consent court deadline due by September 5, 2018 (only 8 days). **This is also a typical pattern of Defendant,**

**withholding what documents they do serve until the last minute.** Filed records should have been mailed immediately to Plaintiff upon filing for response and consideration in accordance with due process. The **following document filed by Defendant by and through his attorney** <u>**remain**</u> <u>**completely unserved as of August 29, 2018**</u>; <span style="font-variant:small-caps">ANSWER, AFFIRMATIVE DEFENSE AND COUNTERCLAIMS</span> (<u>**Document 13**</u>). The failed to be served Document 13 is a written defense by Defendant that requires response and consideration. **Defendant and Attorney have violated the Federal Rules of Civil Procedure, Rule 5(a)(1) and Rule 5(b) and have** <u>**failed to serve the summons**</u> **for this instant case in accordance with FRCP 4 and per Defendant attorney statement to do so contained in the not served Document 13**, page 10.

<u>**COLORADO RULES OF CIVIL PROCEEDURE DEFENDANT VIOLATIONS**</u>

8.       **Attorney, Ms. Yanaros Wilde has now** <u>**directly**</u> **violated Colorado Rules of Civil Procedure, Colorado Rules of Professional Conduct, and the Federal Rules of Civil Procedure, since being admitted to practice in this honorable Colorado Federal court.** With respect to <u>this instant case</u>, Ms. Yanaros Wilde and Defendant, James Corey Goode have:

**(a)**     <u>Failed to serve</u> Ms. Montalbano, yet again. (<u>CRCP 4</u> and 5, FRCP Rule 5) (See No. 7 this Document)

**(b)**     <u>Attorney,</u> Ms. Yanaros Wilde (had she been admitted lawfully into the Mesa County state court to file on Mr. Goode's behalf) <u>**failed to file a Notice of Removal**</u> **with the Mesa County Courts** **within the 30 days allotted for lawful Defendant removal.** Ms. Yanaros Wilde also <u>failed to file the Notice of Removal with Mesa courts within 14 days of filing the Notice of Removal</u> with the Federal Courts. (28 USC 1446(b)(1); D.C.COLO.LCivR81.1, See No. 1-3 this Document)

<u>**COLORADO RULES OF PROFESSIONAL CONDUCT**</u>

<u>**DEFENDANT VIOLATIONS**</u>

9.     **Ms. Yanaros Wilde has now <u>directly</u> violated the following specific and multiple Colorado Rules of Professional Conduct and in particular CRPC Rule 4 regarding transactions with persons other than clients.**

**(a)**     **Attorney,** Ms. Yanaros Wilde has also again **withheld information from the courts** and in this instant case by failing to

provide the full information **about the status** of the **dismissed Broomfield Stalking case, knowing it would be adverse to her client's position.** (CRPC 3.3(2)(2))

**(b)** **Ms. Yanaros Wilde mislead through knowing misunderstandings,** such as she was an attorney that could lawfully represent Mr. Goode in Mesa District Court and Broomfield Combined Courts cases. (CRPC Rule 4.3, See No. 1-6 this Document),

**(c)** **Ms. Yanaros Wilde has used tactics to embarrass, delay, and burden** (CRPC Rule 4.4) **along with methods to violate Ms. Montalbano's rights** (Broomfield Stalking case) (CRPC Rule 4.5; See No. 4-6 this Document).

**(d)** Additionally, after Attorney, Ms. Yanaros Wilde, **helps her client, Mr. Goode, open frivolous** and without merit **cases** (CRPC 3.1) **they then proceed to ask the courts to award all their fees at Plaintiff's further expense.** (CRPC Rule 4.4).

**(e)** Ms. Montalbano has tried repeatedly to get Defendant to respond to the subject matter of his use of her Private Intellectual Property and to negotiate alternate solutions since April 18, 2018. **Instead of responding, Mr. Goode hired Ms. Yanaros Wilde,** on or

about June 5, 2018, **to further assists him in delaying the remedy due Plaintiff and to threaten** Ms. Montalbano repeatedly with frivolous criminal prosecution charges (stalking) to obtain an unfair advantage in instant case 18CV50 by way of attempting to set up Ms. Montalbano as a criminal (stalker) **in order to coerce Plaintiff into withdrawing charges** against Mr. Goode **and to agree to having her rights further violated.**   (CRPC Rule 4.5 – Threatening Prosecution; FRCP 37(a)(4) – Evading).

## DIRECT FEDERAL RULES OF CIVIL PROCEDURE DEFEDANT VIOLATIONS

10.     Attorney, Ms. Yanaros Wilde has consistently and repeatedly **helped Defendant be evasive, avoid disclosure, answer, or respond** to the subject matter at hand. **(FRCP 37(a)(4)) and Defendant by and through his Attorney have directly violated FRCP 11(b)(4)** by way of denial of evidence that no longer can be considered reasonable. (Document 13; and See 17(c) this Document – denials by Defendant)

11.     **To further assist her client, Mr. Goode, Defendant, in fraud and theft; Ms. Yanaros Wilde, has now helped him open yet another**

improper case, in another district, this instant case, to further delay, impede, harass, and financially burden Ms. Montalbano with more unnecessary litigation and associated fees. (FRCP 11(b))

12.    **MR. GOODE AND ATTORNEY HAVE KNOWINGLY AVOIDED AND EVADED ANSWERING MS. MONTALBANO'S ORIGINAL AFFIRMED PRESENTMENT COMPLAINT** since first presentment dated April 18, 2018 (**EXHIBIT 2 – Complaint** – filed on Mesa County public record June 7, 2018 as evidence for use in litigation) and **instead continue to further attempted to defame** Ms. Montalbano as some kind of 'super fan' of Defendant and repeatedly alleged stalking or any facsimile thereof.

 * It was for these defamatory activities Ms. Montalbano wasn't able to attain employment at the same network as Mr. Goode for a syndicated show regarding dreams, the same network Mr. Goode was using Ms. Montalbano's dream vision materials for content and profiteering during 2017 and into 2018 and is also why Plaintiff opened a lawsuit against Defendant in the first place. *

**In short,** the **original** presumptive notice (**complaint**) and subsequent documents cited with specificity **44 alleged synchronistic (ruse) uses** by Defendant of Ms. Montalbano's dream vision materials showing Defendant was following and using materials from all her emails **and also cited**

**approximately 20 dream (EXHBIT 2, Section 2- Evidence, pages 9 to 20 #2-6 thru #2-20)** that Defendant **turned into one blatantly obvious derivative work for his alleged "Mega Update"** posted January 12, 2018 online **and subsequently was to be used on his syndicated show, Cosmic Disclosure, at GAIA TV.**

Since first presentment; **Mr. Goode and** by and through his **Attorney, have simply denied any uses of Plaintiff's materials and have also denied facts and law,** which does not qualify as a response, (FRCP 37(a)(4)) nor does it address Defendant's many and varied uses of Plaintiff's materials and equally does not move forward any meaningful negotiations to reach a satisfactory solution for all parties in or out of court.

## FOR REPEAT VIOLATIONS GRIEVANCE AGAINST TEXAS ATTORNEY FILED AUGUST 10, 2018

13.      **After dealing with multiple instances of repeat violations** of due process of law, civil procedures, codes of professional conduct, and dealing with color of law from Defendant by and though his attorney Ms. Yanaros Wilde, **and regular and repeat threats to coerce** Ms. Montalbano with police and/or court actions, **and enduring a frivolous and without merit**

stalking case; **Ms. Montalbano filed a formal grievance against Defendant attorney, Valerie Yanaros Wilde, August 10, 2018,** and provided the Texas State Bar with evidence of her severe misconduct and cited 8 (eight) very clear and repeat rule violations and cited how Defendant and Attorney worked to mislead and setup Ms. Montalbano as a criminal (stalker) to gain an unfair advantage in case 18CV50 opened against Mr. Goode for his criminal acts committed against Ms. Montalbano. (EXHIBIT 3 – Grievance (*complete email exhibits not incl. to spare paper)

14.       **Since Ms. Yanaros Wilde failed to enter case 18CV50** in accordance with due process of law, she does not have the right to legally or lawfully remove case 18CV50 on behalf of Mr. Goode, Defendant, Pro Se litigant in case 18CV50, in addition to the fact that **Defendant (and attorney) failed to file a Notice of Removal with the Mesa Courts within the 30 day limitation** set forth in 28 USC 1446(b)(1); **therefore, instant case 1:18-cv-02060-STV is a completely new and second frivolous case opened by Defendant and Attorney to further impede and burden,** and cannot be considered a transfer or removal of case 18CV50 in any way.

15.     **Defendant, Mr. Goode, is to lawfully file his counterclaim, jury request, and any other related documents in the correct court, which is Mesa County District Court, case 18CV50.**

## DEFENDANT FRAUD IN THIS INSTANT CASE FILINGS

16.     In **Defendant responses** filed in this instant case (that belong filed in Mesa County District Court) the following direct and **knowing frauds have been placed upon this Federal court as additional evidence of dishonor by Defendant and by and through his Attorney.**

    **(a)**     In Defendant filed (Document 1-4) "REPLY TO PLAINTIFF'S RESPONSE TO MR. GOODE'S MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT" section titled Argument and Authorities (page 1) it **is being used as a tool to mislead Plaintiff and the courts to think it's a current document**, and to falsely lead through misunderstanding that the stalking case is pending and not dismissed (sic) "Judge Lynn" (who should be properly addressed as Magistrate Russell) "has continued Mr. Goode's Motion for Protective Order until a hearing date to further address Plaintiff's stalking of Mr. Goode, ..."  (CRPC 3.2) This document was never served on Ms.

Montalbano by Defendant. (See No. 4-6 this Document; and EXHIBIT 1)

**(b)**         In Defendant filed "<u>ANSWER, AFFIRMATIVE DEFENSES</u> <u>AND COUNTERCLAIMS</u>" (Document 13), **Defendant predominantly denies** (largely seen on pages 3-6) a majority of the information, facts, and evidence, contained in Plaintiff's filings. **Denial and evasion have been regularly performed by Defendant and contained on legal record as of April 18, 2018.** Denial does not constitute a lawful response and is further evidence of evasion tactics implemented by Defendant for **well over 4 months now.** (FRCP 37(a)(4))

**(c)**       In Defendant filed "<u>ANSWER, AFFIRMATIVE DEFENSES AND</u> <u>COUNTERCLAIMS</u>" (Document 13), In section titled <u>Affirmative</u> <u>Defense</u>, **Defendant knowingly falsely states** that Plaintiff, **Ms. Montalbano, does not have any valid intellectual property that Defendant has infringed upon** and states dream visions are not copyrightable.   However, <u>**Mr. Goode received hundreds of Ms.**</u> **Montalbano's** <u>**handwritten dream visions**</u> <u>in tangible format during</u> <u>2017</u> and **whereby once any work is created in a tangible form, it** <u>**is an automatically copyrighted material.**</u> **This   includes**

**handwritten dream visions** which belong to Ms. Montalbano and as delivered to Defendant by mistake and error.

Mr. Goode goes on to also states in section titled "Third Affirmative Defense" (page 7) that Ms. Montalbano failed to state a claim. **Ms. Montalbano clearly stated the claim in affirmed legal presentments** for response, remedy, and attribution due.

Since, Mr. Goode, **Defendant, failed to respond, per due process of law he and his representative(s) acquiesced to everything contained therein,** *U.S. v. Tweel, 550 F. 2d. 297.* *"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."* **there was no controversy when Ms. Montalbano, Plaintiff, opened case 18CV50, June 25, 2018,** as the matter in dispute had already been agreed upon, including Mr. Goode agreeing he is liable for all remedy and attribution due for each specifically cited and affirmed use.

**Mr. Goode further acquiesced to being liable for up to 10 million dollars, for any semblance of further impedance of**

remedy and attribution due Ms. Montalbano, <u>such as opening a
frivolous and without merit stalking case</u> and now this instant case.

Per due process, Defendant and any representative of his, to
include Ms. Yanaros Wilde, **are bound by the terms and conditions
of affirmed and not responded to presentments** and as filed onto
the **public record** June 7, 2018, as **self-authenticating, uncontested,
and affirmed documents** *Non Rebutted Affidavits are "Prima Facie
Evidence in the Case, "United States vs. Kis, 658 F.2d, 526, 536-337
(7th Cir. 1981)* for use as evidence in litigation against Mr. Goode in
case 18CV50. (Federal Rules of Evidence, Rule 902(4)-Certified
Copies on Public Record, Rule 902(8)-Acknowledged Documents)

**Due to there being no controversy,** Plaintiff opened case
18CV50 seeking a **Default Judgement (FRCP 55) on a Proposed
Order with supporting documents and the relief sought** in
accordance with due process of law, case law, Constitution of the
United States of America, and the Colorado State Constitution and as
a civil matter between two people regarding theft and fraud of private
property by Defendant.

**(d)**      **Plaintiff cites a proper response by Mr. Goode would be
adverse to his position** of stating he hasn't read the materials, **which**

**is in direct conflict with the evidence** provided since April 18, 2018 showing Defendant has been utilizing Plaintiff's private property (hand written stories) for public use to his benefit and Ms. Montalbano's detriment. *"The law creates a presumption, where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify, that his testimony, if introduced, would be adverse to his interests." Meier v CIR, 199 F 2d 392, 396 (8th Cir. 1952) quoting 20 Am Jur, Evidence Sec 190, page 193.*

**(e)**      In **Document 1-4** Defendant writes that **he does not wish to waste the courts time any further; yet he and attorney consistently do exactly that by opening frivolous cases and evade responding** (FRCP 37(a)(4)) to Mr. Goode's theft of Ms. Montalbano's private property inside of properly opened case 18CV50, and whereby Ms. Montalbano paid all the filing fees and was not petitioning the courts for money from Mr. Goode, Defendant, but was simply seeking protection of all her private property *(Colorado Constitution, Section 14 and 15)* in the form of handwritten dreams and discoveries thereof, as sent by mistake and

error, from further use, abuse, and derivative works being created by Mr. Goode and/or associates.

Even though Mr. Goode is liable for approximately $70,000 worth of damages due and as cited with specificity in presentment for remedy in affirmed billing statements (EXHIBIT 4 - Fines and Fees, Billing statement 001 and 002) Plaintiff, was only requesting civil protection from further theft and correction or removal of Defendant mutilated and/or derivative works from public formats and mediums and as was outlined in the Proposed Order and contained in affirmed presentments.    (EXHIBIT 3 - Complaint) **Should this matter continue in Federal court full monetary remedy will be pursued.**

17.     Ms. Montalbano continuously repeats herself to Defendant and Attorney in papers and requests the courts make a ruling on her behalf because Mr. Goode and attorney consistently threaten with color of law, violate due process, (in short, they are very mean), allege stalking, and/or evade responding to the subject matter at hand, thus repetition is required.

18.     In Defendant filed and not-served Document 13, "ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS" section titled CONCLUSION

MOTION FOR REMAND FOR MULTIPLE VIOLATIONS OF DUE PROCESS            Page 21 of 24

AND REQUEST FOR ATTORNEYS' FEES (page 9) Defendant states that Plaintiff's claims are frivolous. **Plaintiff states, all the many and varied specifically cited uses of her dream vision materials, contained in original complaint, are with merit** and the proper court is welcome to subpoena all the cited emails attesting to such readily verifiable evidence.

19.     In Defendant filings by and through Attorney with this honorable court, Defendant has repeatedly misspelled Ms. Montalbano's middle name of Chrystie by way of using an "i" instead of a "y" and therefore he has further failed to correctly open this instant case with Ms. Alyssa Chrystie Montalbano, Plaintiff, from case 18CV50 and Plaintiff in error in alleged case 1:18-CV-02060-STV and instead Defendant by and through his Attorney opened a case with an Alyssa Christie Montalbano who is unknown to Plaintiff, Alyssa Chrystie Montalbano.

20.     **With respect to the foregoing (No. 1-20 this Document), attorney Ms. Yanaros Wilde has directly perjured her Oath of Office to the Constitution of the United States of America** and by being admitted to this honorable Colorado Federal court she has now also violated the Colorado State Constitution **and has hereby vacated her office of public servitude and had chosen to step down** by willingly and knowingly violating due

process of law *(Constitution of the United States of America, Amendment XIV; Colorado Constitution, Section 25)* in regular and repeat attempts to take away Plaintiff's inalienable rights *(Constitution of the United States of America, Amendment IX and X; Colorado Constitution, Section 3)*, private property *(Colorado Constitution, Section 14 and 15)*, and right to equality of justice and a speedy remedy. *(Colorado Constitution, Section 6)*

21.      **Lastly,** Ms. Montalbano states for the record it is extremely difficult, time consuming, and expensive, trying to resolve anything with Mr. Goode, Defendant, and Ms. Yanaros Wilde, Texas Attorney; as they continuously, willingly, and knowingly, violate due process of law, harass, evade, and only offer criminal charges and threats as solutions to Plaintiff.

**Therefore, case 1: 18-cv-02060-STV is a new case opened by Defendant in error and whereby both Defendant in error and Plaintiff in error agree they do not wish to further waste the courts time.**   Ms. Alyssa Chrystie Montalbano moves this honorable court to remand Defendant's frivolously filed case in direct violation of due process of law by and through his Attorney *(CRPC 3.1)* for failure to Remove case 18CV50 within 30 days (28 USC 1446(a)(1); and failure to Notice Mesa District Courts of removal within 14 days of filing the Notice with the Federal Courts (D.C.COLO.LCivR81.1) and

repeat and ongoing violations of: due process of law *(Constitution of the United States of America, Amendment XIV; Colorado Constitution, Section 25)*, Federal Rules of Civil Procedure and in particular *FRCP Rule 11,* multiple violations of Colorado Rules of Professional Conduct and in particular honesty, and violating multiple Colorado Rules of Civil Procedure regarding the lawful entry of an attorney into a case, and that the courts award Plaintiff, Alyssa Chrystie Montalbano, any and all fees due, per an Oath of Office to the Constitution of the United States of America to uphold such rights in accordance with due process of law.

Respectfully Submitted and All Rights Reserved,

Plaintiff, Alyssa Chrystie Montalbano

American Citizen

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR REMAND FOR MULTIPLE VIOLATIONS OF DUE PROCESS** was sent first class by U.S. Mail, postage prepaid, to Ms. Valerie Yanaros Wilde USPS Certified Mail 7017 2620 0000 7185 1045; 5057 Keller Springs Rd, Suite 300, Addison, TX 75001, this 30th day of August, 2018.

Alyssa Chrystie Montalbano, American Citizen