## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

ALYSSA-CHRISTIE                         §
MONTALBANO                              §
    Plaintiff,                          §
                               §   C.A. NO.: 1-18-cv-02060-RM-GPG
    v.                                  §
                               §   JURY TRIAL DEMANDED
JAMES COREY GOODE,                      §
    Defendant.                          §
                               §

## RESPONSE TO MOTION TO REMAND

Defendant **James Corey Goode** ("Mr. Goode"), hereby files his Response

to Alyssa Montalbano's ("Plaintiff") Motion for (sic) Remand (Docket 20) and

responds and states as follows:

## SUMMARY OF ARGUMENT

In line with Plaintiff's other pleadings, its "Motion for (sic) Remand for

Multiple Violations of Due Process" (the "Motion") is filled with rambling

accusations on randomly-cited laws that are as misapplied as they are

misstated…Plaintiff's earnest need for attention in yet another voluminous filing

is ubiquitous. The only issues that should be addressed at this stage are [1]

whether Defendant's removal was filed in a timely manner, and [2] whether this

**RESPONSE TO MOTION**
**TO REMAND**

Court has jurisdiction over the alleged offenses Plaintiff has burdened this system

with sorting out. The answer to both issues is "yes", as addressed further below.[1]

## APPLICABLE PROCEDURAL HISTORY

Plaintiff filed a document purporting to be its complaint titled "Motion to

Order Cease and Desist Unauthorized Use of Intellectual Property, Dream

Visions, Copyrighted Materials and Defamation of Character" (the "Complaint")

with Mesa County Court on June 25, 2018. (Docket 12-1). Mr. Goode received—

through his attorney, as explained below—notice of this proceeding on July 13,

2018. He immediately responded with a Motion to Dismiss, filed with Mesa

County Court on July 17, 2018.[2] (Docket 32-1). Mesa County Court has not ruled

on either of these motions. On August 13, 2018 Mr. Goode filed his Notice of

Removal with this Court. (Docket 1).

## ARGUMENT AND AUTHORITIES

### *Mr. Goode's Filing of the Notice of Removal Was Timely*

The applicable statute for filing a notice of removal states in pertinent part:

> "The notice of removal of a civil action or proceeding shall be filed
> within 30 days after the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading setting forth the claim for
> relief upon which such action or proceeding is based, or within 30

---

[1] Out of respect to this Court's time, Defendant does not address the multitude of baseless
accusations not at issue at this time in the proceedings, but generally denies any such
accusations and reserves the right to address such issues at a later date if it becomes necessary.
[2] Plaintiff incorrectly states this date as July 18, 2018 in its Motion. (Docket 20 at 4).

days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

28 U.S. Code § 1446(b)(1).

It is uncontested that Ms. Montalbano never served Plaintiff prior to July 18, 2018. (Docket 20 at 4). Defendant did, however, acknowledge receipt the day that his attorney received a copy of the Complaint, and subsequently accepted service by filing a responsive pleading as explained below. (*See* Wilde Dec Exhibit 1, "Wilde Acceptance").

Mr. Goode was out of town for almost a month from June 19, 2018 to July 13, 2018. (Exhibit A, the "Goode Dec"). Mr. Goode had retained undersigned counsel ("Ms. Wilde") to assist him with various legal matters unrelated to the instant action. (Exhibit B, the "Wilde Dec"). Ms. Wilde received a copy of the Complaint when she returned from almost two (2) weeks of medical leave due to a neck injury over the first two weeks of July. (Id.) Therefore, by virtue of Ms. Wilde's acceptance by e-service, Mr. Goode first received the Complaint on July 13, 2018. Thirty days from July 13, 2018 is July 12, 2018—which was a Sunday. Federal Rule of Civil Procedure 6(a)(1)(C) states in pertinent part: "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, the

**RESPONSE TO MOTION**
**TO REMAND**                                                                                              **PAGE 3**

deadline for Mr. Goode to file his notice of Removal was the following day,

Monday August 13, 2018.

***Plaintiff Has Alleged Multiple Causes of Action that Involve a Federal Question***

Plaintiff never coherently argues that this Court does not have matter

jurisdiction in this case, but alludes that the claims in this case are in federal court

inappropriately. Mr. Goode reiterates his arguments from his Notice of Removal

(Docket 1 at 2) that this Court has jurisdiction over this action pursuant to the

provisions of 28 U.S.C. §1441, one or more of the claims against Mr. Goode

arises under federal law. Specifically, this claim arises under 17 U.S.C. §101 et

seq, the Copyright Act. Additionally, at least one claim arises under the

Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. Further, this Court has

subject matter jurisdiction over the federal copyright and trademark claims under

28 U.S.C. §§1331 and 1338(a). Plaintiff also alleges in its Complaint that:

> "It is a Constitutional matter and may be heard by the courts in accordance
> with **the Constitution of the United States of America** and Colorado
> Constitution and per Due Process of Law, pursuant to Oath of Office taken
> to support and uphold such Constitutions and the inalienable rights and laws
> contained therein[,]"

(Docket 12-1 at 2, emphasis added; *see also* Docket 12-1 at 8, 12). Presumably

Plaintiff alleges these "Civil Rights Violations" have interfered with her right to

equal employment opportunities. Similarly, her accusations of "unethical military

grade" tactics used against her arise under her Constitutional rights under U.S. law. Plaintiff alleges other federal causes of action such as Default under Rule 55, ( e.g., Docket 12-1 at 10). Because of the multitude of federal laws Plaintiff asserts against Mr. Goode, jurisdiction is plainly within this Court.

## OTHER ISSUES

Plaintiff incorrectly cites D.C. COLO. L. Civ. R. 81.1  (Docket 20 at 1) to state that Mr. Goode must notice Mesa County as to the Notice of Removal within 14 days. Nowhere in Rule 81.1 does it state that. Rule 81.1 deals with the filing of documents in the *federal* case, which Defendant has done and continues to supplement as documents are received from state court. Mesa County was apprised of the notice of removal by Plaintiff by phone on or around the date of filing, but officially via certified mail sent August 27, 2018 and received the next day. (Exhibit C).

As stated in its Motion to Dismiss, there is no Default Judgment because there was no case filed wherein a Default Judgment was entered. (Docket 32-1 at 7). In fact, there was no other case filed by Plaintiff—*in reality*—at all. She does, as mentioned above, however invoke Federal Rule 55.

None of the other issues Plaintiff raises are pertinent to the issue as to whether or not this case is appropriately in front of this Court, but Defendant

reserves the right to address at a later point if this Court wishes them addressed.

Plaintiff argues it was not served with documents that were left with the Court

clerk in various actions (there are multiple pending) according to C.R.C.P. 4(f).

Plaintiff has evaded service of process multiple times, even when asked whether

or not a certain address was hers that Mr. Goode had sent process servers to.

Exhibit D. Mr. Goode recently discovered this address to in fact be Plaintiff's

address.

Finally, Plaintiff clearly violated Civ. Practice Standard IV.B.1, limiting

motions to 20 pages. The time and effort spent poring through these endless

filings is seemingly interminable, and Defendant respectfully requests this Court

dismiss Plaintiff's motion outright.

## CONCLUSION

Plaintiff's claims are factually unreasonable and completely lacking legal

merit—this action is appropriately within this Court's jurisdiction.

**AS SUCH, Mr. Goode respectfully requests this Court to DISMISS Plaintiff's**

**Motion for Remand, and pursuant to Defendant's Motion to Dismiss DENY**

**Plaintiff's claims and enter judgment GRANTING relief to Mr. Goode as**

**requested.**

Dated: September 11, 2018                    Respectfully Submitted,

S/ VALERIE YANAROS WILDE
VALERIE YANAROS WILDE
YANAROS LAW, P.C.
5057 KELLER SPRINGS, SUITE 300
ADDISON, TEXAS 75001
TELEPHONE: (512) 826-7553
FAX: (469) 718-5600
VALERIE@YANAROSLAW.COM

ATTORNEY FOR DEFENDANT
JAMES COREY GOODE

## CERTIFICATE OF SERVICE

THE UNDERSIGNED COUNSEL HEREBY CERTIFIES THAT ON THIS 10TH DAY OF
SEPTEMBER A COPY OF THE FOREGOING WAS FILED WITH THE CLERK OF COURT
USING THE CM/ECF SYSTEM. A COPY OF THIS DOCUMENT WILL BE SERVED UPON
THE PLAINTIFF IN ACCORDANCE WITH FRCP 4.

/S VALERIE YANAROS WILDE
VALERIE YANAROS WILDE

**RESPONSE TO MOTION**
**TO REMAND**                                                    **PAGE 7**