# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO



| | | |
|---|---|---|
| Alyssa-Chrystie: Montalbano | § | CIVIL ACTION NO.: |
| Plaintiff | § | 1:18-cv-02060-RM-GPG |
| | § | |
| v. | § | |
| | § | |
| James Corey Goode | § | JURY TRIAL DEMANDED |
| Defendant | § | |
| | § | |
| | § | |

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 03 2018

JEFFREY P. COLWELL
CLERK

## REPLY TO ORDER

Comes now Plaintiff, Alyssa Chrystie Montalbano, in response to the Order at

Document 47, to fulfil the order to respond by October 4, 2018, states the

following:

1.      **Plaintiff did misunderstand what reassignment** meant and was still

unclear on a few matters even after the order and phoned Judge Moore's

division, October 1, 2018, to attain fuller understanding and thanks Judge

Moore for following due process of law to clear up misunderstandings for

Pro Se Plaintiff.

a)    Initially with 'reassignment' to Magistrate Judge Gallagher on September 5, 2018 (Document 27 – Minute Order) Plaintiff understood it to mean the case was remanded back to the Mesa District Civil state court with a new Magistrate Judge,  instead of Judge Flynn (Document 39 at page 2, number 3). Then through conversations with Mesa Court clerks Plaintiff understood;

b)    It meant the case was 'reassigned' to the Mesa <u>Federal</u> Courthouse with Judge Magistrate Gallagher and that trial proceedings would be in Grand Junction Federal court instead of Denver based Federal Courthouse and that the scheduling matters were indicative of this.

c)    Then seeing Judge Moore still interacting, **September 18, 2018** at Document 43 denying Plaintiffs Motion and again at Document 44 regarding extensions of time, Plaintiff understood Judge Moore's role to be approximate to what seems to be Judge Magistrate Gallagher's role per reassignment and **Plaintiff continued to misunderstand that the case would be tried in the Grand Junction Federal Courthouse** and is why Plaintiff wrote amendments (Documents 36, 37, 39) permitting time extensions. Plaintiff was willing to accept a Federal court in Grand Junction in consideration that Defendant and his Counsel seemed to want to litigate on statutes and Plaintiff would permit such activities at the

Grand Junction based Federal Courthouse, as the benefit to Federal court is that Plaintiff doesn't need to phone the courts almost daily to ask if Defendant and Counsel filed anything and Defendant might actually address the complaint (Document 20-2; and samples at Document 46-1 thru 46-4; and evidence narrative at Document 46 pages 12 thru 24). To date, October 1, 2018, Defendant and his Counsel have not served Plaintiff any of their filed documents since Document 12.

d)      Then after the filing of the recent Order by Judge Moore September 27, 2018 (Document 47) Plaintiff was still unclear on where the jury would be drawn from as it sounded to Plaintiff it would be Grand Junction and Plaintiff was thereby confused as to where the Trial would be held.

e)      **Plaintiff** phoned Judge Moore's court division clerks, October 1, 2018, and **now understands as follows: Judge Magistrate Gallagher assists on ruling on non-dispositive motions, scheduling sessions are held in Grand Junction and Judge Magistrate Gallagher assists with scheduling and pre-trial activities, the jury is to be drawn from Denver residents and the trial proceedings are to be held in Denver.**

f)      For the courts awareness Plaintiff is a very visual and tactile learner and must ask a lot of questions and do a lot of extra work to build the

visual and tactile picture for her mind to understand the details. **The biggest challenge Plaintiff faces is so many people who work in or near the courts are concerned with 'giving legal advice' when Plaintiff is just asking for clarity to understand what the court rules are, processes, and how the court needs papers formatted. Plaintiff is very capable** of following and understanding known rules and processes and was a member of Phi Theta Kappa honor society for the two year college. These grades were earned through hard work and a lot of extra study. Plaintiff is completely new to in-court-processes, is learning court terms, their direct meanings, applications, where, and how to say things in accordance with due process of law and is also trying to keep up (inadequately so, since April 2018) with her art, writing, and growth into teaching activities.

2.    With the fuller understanding of what reassignment means per number 1(e) above; and how it impacts this case and having engaged in conferral with Ms. Yanaros Wilde over the weekend to see if Ms. Yanaros Wilde could give Plaintiff Constitutionally based reasons why Plaintiff should consent to the clearly incorrectly performed removal and Counsel providing none, Plaintiff **does <u>not</u> consent to the Removal**.

3.       It was also recently fully observed by Plaintiff that even if Ms. Yanaros Wilde and Defendant had lawfully removed the case within 30 days; they still **did not remove all the files within 14 days** (D.C. COLO. LCivR 81.1(B) of filing the Notice of Removal, to wit:

> ". . . <u>the removing party shall file</u> a current docket sheet (<u>register of actions</u>) **and shall separately file each pending motion, petition and related response, reply, and brief**"

And to which it was seen directly by this Federal Court that **Defendant and his Counsel knowingly fabricate evidence,** see Minute order at Document 30 referencing **'concocted' Register of Actions** filed at Document 14.

**And 28 USC 1446(a)) states**

> " . . . and containing a short and plain statement of the grounds for removal, **together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.**"

**Defendant and his Counsel, did <u>not</u> remove the "Status Report" and its attached Exhibit L – Grievance** against Ms. Yanaros Wilde **filed with Mesa District Civil Courts by Plaintiff on August 13, 2018, 15 days**

**prior Defendant Counsel's** incorrect filing of the **Notice of Removal** with Mesa District Civil court on **August 28, 2018** (See Register of Actions Document 45-1 at page 4 of 6). Because Grand Junction courts were still unaware of any removal procedure largely all during the month of August and as regularly affirmed by Plaintiff via phoning Judge Flynn's division or the general clerks of the court; **Plaintiff filed a few more documents after August 28, 2018** (seen in Register of Actions, Document 45-1 page 5 of 6) to ensure the Mesa District Civil Court was somewhat apprised of what was occurring and to also ensure they were aware of Plaintiff's Objections to removal. **These files also have not been removed.**

4.      Plaintiff also needs to be very clear on her understanding and position regarding the 30 day failure to remove by Defendant and his counsel, as it is more fully understood by Plaintiff. **Rule D.C. COLO. L.CivR 81.1 says it must comply with 28 USC 1446(a)** and whereby the latter rule clearly states the person initiating removal shall:

"  . . . file in the district court of the United States f**or the district and division within which *such action is pending* a notice of removal . . .** "

The *action pending* was clearly located in the Grand Junction Mesa
District Civil courthouse and not the Denver Federal Courthouse and
whereby the 'action pending court' did not received a notice of removal until
August 28, 2018. Regardless to if Ms. Yanaros Wilde accepted service on
behalf of Defendant on July 13 or the 17 (date of filed motion); the 28th of
August (Document 45-1 Register of Actions at page 4 of 6) is clearly outside
the scope of 30 days. A proper removal at that point would have entailed
either a mutual agreement by Plaintiff and Defendant for removal, or a court
order from Mesa District Civil court by the assigned presiding Judge, Judge
Flynn.

5.      With respect to **<u>FRCP 5.1 (Constitutional Challenge to a Statute)</u>**
and Plaintiff's fuller understanding of the removal matter (see 1(e) above),
Plaintiff no longer consenting to removal, Plaintiff will challenge any further
Removal proceedings on Constitutional grounds and in support thereof:

(a)      **If removal of case 18CV50 were to be performed after non-
agreement by Plaintiff** to this Denver Federal Court, **Plaintiff would
be required to dispute this matter as being repugnant to the
Constitution** as a direct violation of due process of law.  As any court

that fails to uphold its own rules, could not be expected to give fair and impartial proceedings and/or trial for Plaintiff or Defendant.

(b)    And whereby the specific reason(s) cited by Ms. Yanaros Wilde as grounds for Defendant Removal *(who never conferred with Plaintiff Document 39 number 5, starting bottom of page 5 thru page 6)* were based on Defendant's claims of Copyright Statutes being applicable (Document 1 at numbers 1, 4, 5, and 8) and whereby **any claims by Defendant that removal was proper based on statutes that allege 'Plaintiff filed the case based on statutes' and/or 'with the incorrect court'** (Document 1 at number 1) **is completely inaccurate**. See Document 12-1 at 53 unrebutted and affirmed Notice of Constitutional Law Precedence and Document 12-1 at 2 Number 2 bullet point 3 input by Plaintiff **on the Summons Cover sheet, stating this is a Constitutional matter** and as a result a removal would be directly repugnant to the Constitution and proper recourse would be sought.

Therefore, for the aforementioned reasons, recent conferral with Ms. Yanaros Wilde, and having a fuller and likely correct understanding of removal and reassignment implications, Plaintiff cannot in good conscience consent to Removal and thereby being a part of helping Mr. Goode and Ms. Yanaros Wilde

knowingly violate due process of law and asks this honorable court and honorable Judge Moore to continue to rule in accordance with an Oath of Office to the State and National Constitutions to uphold due process of law and thereby uphold the court's own rules by way of 'Remanding' the case to remain properly seated in the Grand Junction Mesa District Civil Court and to permit Mesa District Civil Court and the assigned honorable Judge Flynn to decide if this matter should be removed or not to an alternate court venue and in direct accordance with due process of law and the court's own rules that further define such Constitutional processes.

Respectfully Submitted,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa-Chrystie: Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
AriStoneArt@Ymail.com
970.250.8365

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **REPLY TO ORDER** were sent first class by U.S. Mail, postage prepaid, USPS Priority Mail Express, EM 033657792 US to OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT, Alfred A Arraj Courthouse, 901-19TH ST., Room A105, Denver, CO 80294-3589 this 2nd day of October, 2018 and is lawfully served upon Defendant's counsel by service through the Case Management/Electronic Case Filed (CM/ECF) court filing system.

*Alyssa Chrystie Montalbano*

Alyssa-Chrystie: Montalbano, American Citizen

# PRIORITY MAIL ★ EXPRESS™

OUR FASTEST SERVICE IN THE U.S



EP13F July 2013   OD: 12.5 x 9.5

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

PS 10001000006

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

**FROM:** (PLEASE PRINT)

PHONE (    )

**CUSTOMER USE ONLY**

**PAYMENT BY ACCOUNT** (if applicable)

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)

PHONE (    )

ZIP + 4® (U.S. ADDRESSES ONLY)

LABEL 11-B, OCTOBER 2016

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code

Date Accepted (MM/DD/YY)

Time Accepted   ☐ AM   ☐ PM

Scheduled Delivery Date (MM/DD/YY)

Scheduled Delivery Time   ☐ 10:30 AM   ☐ 12 NOON   ☐ 3:00 PM

Postage   $

10:30 AM Delivery Fee   $

Insurance Fee   $

Return Receipt Fee   $

Military   ☐ DPO

COD Fee   $

Live Animal Transportation Fee   $

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)   Time   ☐ AM   ☐ PM

Weight   lbs.   ozs.

Sunday/Holiday Premium Fee   $

Total Postage & Fees   $

Delivery Attempt (MM/DD/YY)   Time   ☐ AM   ☐ PM

Employee Signature

Special Handling/Fragile   $

Acceptance Employee Initials

☐ Flat Rate

Employee Signature

☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO



UNITED STATES POSTAL SERVICE®

EM033b5779EUS

PRIORITY MAIL ★ EXPRESS™

PSN 7690-02-000-9996

3-ADDRESSEE COPY



☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 insurance included.



ORDER FREE SUPPLIES ONLINE



UNITED STATES POSTAL SERV

05-23-13 07:05   #2015015