# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Alyssa-Chrystie: Montalbano § | |
| Plaintiff § | CIVIL ACTION NO.: |
| § | 1:18-cv-02060-RM-GPG |
| v. § | |
| § | |
| James Corey Goode § | JURY TRIAL DEMANDED |
| Defendant § | |
| § | |
| § | |

## OPPOSED MOTION FOR LEAVE OF THE COURT TO AMEND THE MOTION FOR REMAND AT DOCUMENT 20

Comes now, Plaintiff, Alyssa Chrystie Montalbano, having conferred with opposing Counsel who is opposed to amending the Motion for Remand and Plaintiff moves this honorable court to Grant amending the Motion for Remand for the following facts, evidence, and law:

## Situation Brief

On August 13, 2018 Defendant and his Counsel very 'haphazardly' 'removed' case 18CV50 from Mesa District Civil state court to Denver Federal court on the grounds that Plaintiff's case fell under the Federal Copyright and Trademark laws. (Document 1 – Notice of Removal) Defendant and his Counsel filed an incorrect Complaint (Document 26), that was not a Complaint filed by Plaintiff in any court action. However, for the purposes of this court, it is understood Document 26 is Plaintiff's Complaint. On August 31, 2018 Plaintiff filed a Motion for Remand (Document 20) to have this instant case remanded back to the state court and the Remand was written based on the premise that it was removed incorrectly based on time frames, which it was. However, Plaintiff ultimately consented to the removal based on the information she had at the time and did not have a proper understanding of jurisdictional matters from the court's perspective.

During conferral, On October 25, 2018, opposing Counsel emailed they objected to the motion to amend the Motion for Remand on the grounds that (sic) "a motion to remand on the basis of an alleged defect in the removal procedure is distinguished from a motion to dismiss based on lack of subject matter jurisdiction. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 136 L.ed. 2d 437 (1996) The latter can be raised at any time, but the former must be raised within

thirty days of the notice of removal or else it is waived. Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir 1995)."   Plaintiff replied to Defendant's Counsel the same day, October 25, 2018, and stated the Motion for Remand was filed within the proper time frame (30 days) and the new information attained 'relates back' to the original Remand matter and is therefore within the proper time frames in accordance with due process. Plaintiff emailed opposing counsel asking if they still opposed amending the remand.  No reply was received.

The amendment is not based on removal defects already stated, but on lack of jurisdiction and whereby if Plaintiff's case were dismissed at the Federal courts on such 'lack of jurisdiction' rather than be remanded it would be inappropriate to the situation; as the removal by Defendant and his Counsel was based on statutes they alleged Plaintiff cited in the Complaint/Claim, yet none are cited by Plaintiff in the 'Complaint' (See 'Complaint' at Document 26) and Plaintiff has always cited fraud and theft of her property as her claim, but only recently learned the proper legal statutes/laws and terms that actually apply to this instant case.

## Supporting Facts, Laws and Evidence to Grant this Motion to Amend the Motion for Remand

1.  The Copyright laws such as those contained in Title 17 Copyright Act and whereby Federal court may grant relief, do not legally apply to Plaintiff's hundreds of not officially copyrighted hand written dream materials.

2.  During the call with Ms. Fabra, October 25, 2018, Ms. Fabra explained upon reviewing the 'laws' that Plaintiff was attempting to cite to amend the Complaint in Federal Court (Document 58-1 at page 3, section C. Jurisdiction) that none of the codes Plaintiff cited were 'actual' laws the Federal Court could rule upon for relief. Plaintiff was further informed the Constitutional matters cited are for government situations and/or employees and don't apply in this situation.  Plaintiff was also informed fraud is typically a state level matter and governed by state level statutes.

3.  Subsequently, Plaintiff learned in the eyes of the court her hand written dream visions are legally categorized as 'Trade Secrets' and thereby fall into the state court's jurisdiction.

4.   Through research and the Pro Se clinic assistance, Plaintiff discovered she had indeed filed the case in the correct jurisdiction, state court, and needs to amend the complaint in state court to include the following:

The following Colorado Revised Statutes correctly govern this matter and not Federal Copyright or Trademark laws:

    a. **18-4-401(1) C.R.S.** Defines theft applicable to this case.

    b. **7-74-102 C.R.S.** States (paraphrased) where an individual obtains Trade Secrets by means such as fraud, the Trade Secret will have been obtained by improper means and 'misappropriation' of a Trade Secret is likely to have occurred.'

    c. **The Colorado Uniform Trade Secret Act (CUTSA)** Revised Statutes Title 7 (7-74-101 through 7-74-110) governs the particulars of this instant fraud case.

    d. **Any amended Complaint actions to be taken by Plaintiff are to be made in the correct court jurisdiction, which is state court.**

Therefore, Plaintiff moves this honorable court to Grant this motion to amend the motion for Remand to include pertinent and correct jurisdictional matters, that directly relate back to the original Motion and to remove extraneous information, as justice so requires it. (FRCP Rule 15 (a)(2)).

Respectfully Submitted and All Rights Reserved,

/s Alyssa Chrystie Montalbano

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO  81505
AriStoneArt@Ymail.com
970.250.8365

**CERTIFICATE OF SERVICE**

I certify that on this 26st day of October 2018 a copy of the foregoing was filed with the clerk of the court using the CM/ECF system and is lawfully served upon Defendant's counsel by service through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5)

/s Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen