UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALYSSA-CHRISTIE MONTALBANO §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>JAMES COREY GOODE, §<br>Defendant. §<br>§ | C.A. NO.: 1-18-CV-02060-RM-GPG<br><br>JURY TRIAL DEMANDED |

### RESPONSE AND OBJECTION TO OBJECTION TO RECOMMENDATION

Defendant **James Corey Goode** ("Mr. Goode"), hereby files his Response and Objection to Plaintiff's Objection to Recommendation (Docket 63) responds and states as follows:

### DEFENDANT AGREES WITH JUDGE GALLAGHER'S REPORT AND RECOMMENDATION

For all of the reasons stated in Judge Gallagher's Report and Recommendation (Docket 57), Mr. Goode objects to Plaintiff's Objection and files this Response in support of Judge Gallagher's Recommendation. Mr. Goode respectfully disagrees with Plaintiff in that the Court incorrectly considered only Docket 26 (Docket 63 at 2), because it considered what Plaintiff claims is the Complaint, Docket 12-1 and 12-2 (*See* Docket 57 at 3-6).

Objection to Objection to Recommendation                                                                                     PAGE 1

Plaintiff claims it "did not understand how to properly state her claim in state court" and so should be given a chance to amend once again her pleadings. Although not in the same posture, Plaintiff's arguments are akin to a Motion for Reconsideration, the considerations of which apply here. Motions for Reconsideration have certain limitation that ". . . prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions." *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Allowing Plaintiff to flip-flop between Federal and State Court whenever she so pleases would cause "[p]rejudice to the defendant, [and] occurs only when the plaintiff is enabled to have his cake and eat it too — to litigate in the more convenient forum that he desires, but with the law of the distant forum that he desires." (*Ferens v. John Deere Co.*, 494 US 516, 537 (1990)).

## CONCLUSION

**AS SUCH, Mr. Goode respectfully requests this Court to adopt Judge Gallagher's Recommendations at Docket 57 and DISMISS the case at bar.**

Dated: November 13, 2018                 Respectfully Submitted,

                                          **S/ VALERIE YANAROS WILDE**
                                          **VALERIE YANAROS WILDE**
                                          **YANAROS LAW, P.C.**
                                          **5057 KELLER SPRINGS, SUITE 300**
                                          **ADDISON, TEXAS 75001**
                                          **TELEPHONE: (512) 826-7553**
                                          **FAX: (469) 718-5600**
                                          **VALERIE@YANAROSLAW.COM**

                                          **ATTORNEY FOR DEFENDANT**
                                          **JAMES COREY GOODE**

## CERTIFICATE OF SERVICE

THE UNDERSIGNED COUNSEL HEREBY CERTIFIES THAT ON THIS 12TH DAY OF NOVEMBER A COPY OF THE FOREGOING WAS FILED WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM. A COPY OF THIS DOCUMENT WILL BE SERVED UPON THE PLAINTIFF IN ACCORDANCE WITH FRCP 4.

                                          /S VALERIE YANAROS WILDE
                                          VALERIE YANAROS WILDE