**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 18-cv-02060-RM-GPG

ALYSSA-CHRISTIE MONTALBANO,

    Plaintiff,

v.

JAMES COREY GOODE,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's "Opposed Motion for Leave of the Court to Amend the Motion for Remand at Document 20." (ECF No. 62.)  Because Plaintiff is proceeding pro se, the Court construes her pleading liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The thrust of the motion is that Plaintiff is asserting claims under state law only and that there is no copyright or other federal component to her case.  Accordingly, the Court will construe this as a motion for remand under 28 U.S.C. § 1447(c), which provides, in pertinent part, as follows: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Based on Plaintiff's motion, it appears the Court lacks jurisdiction over this matter and therefore cannot rule on the other motions that are pending before it.  The party invoking jurisdiction of the federal court bears the burden of establishing that jurisdiction is proper. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Although Defendant filed a document that was initially docketed as a response to Plaintiff's motion (ECF No. 68), that filing was stricken at Defendant's request due to a clerical mistake. (*See* ECF Nos. 70, 72.)

Therefore, Defendant is ORDERED to SHOW CAUSE by November 30, 2018 why this matter should not be remanded to the Mesa County District Court of the State of Colorado, where it originated, for lack of subject-matter jurisdiction.

DATED this 16th day of November, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge