UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALYSSA-CHRISTIE MONTALBANO §<br>§<br>Plaintiff, §<br>§<br>§<br>v. §<br>§<br>§<br>JAMES COREY GOODE, §<br>Defendant. §<br>§ | C.A. NO.: 1-18-cv-02060-RM-GPG<br><br>JURY TRIAL DEMANDED |

## RESPONSE AND OBJECTION TO MOTION TO DISMISS "DUE TO SAME ACTION PENDING IN ANOTHER COURT"

Defendant **James Corey Goode** ("Mr. Goode"), hereby files his Response and Objection to Plaintiff's Motion to Dismiss (Docket 65) responds and states as follows:

### RELEVANT PROCEDURAL HISTORY

Plaintiff filed its "Motion to Dismiss Due to Same Action Pending in Another Court". (Docket 65, the "Motion"). Prior to that filing, Plaintiff filed various other Motions requesting relief inapposite to its clearly-stated position in Docket 51 only *after* receiving Judge Gallagher's Recommendation in Docket 57. (*See* Dockets 58, 59, 61-66, 69 [which has the same title as the instant Motion], 73 and 74). This Court ordered Mr. Goode to Show Cause by November 30 why the instant case should not be remanded. (Docket 75).

## ARGUMENT AND AUTHORITIES

Mr. Goode is preparing his motion in response to this Court's order (Docket 75) and will file it by November 30, addressing outstanding issues the Court wishes addressed. Being that the majority of the aforementioned pending Motions by Plaintiff have to do with this Court's subject matter jurisdiction, once Mr. Goode responds to this Court's Order and the Court decides that issue, the majority of the aforementioned motions will be decided and disposed by this Court's forthcoming order. However, out of an abundance of caution, Mr. Goode files this Objection in order to comply with the current deadline to respond to the Motion.

The Plaintiff's Motion should be stricken for two main reasons: [1] the law cited (Federal Rule of Civil Procedure 42) is incorrect and completely inapplicable and [2] the case in state court and the instant federal are one in the same, and dismissal of this case would be dismissal of both. First, Federal Rule of Civil Procedure 42 addresses consolidation of cases. There are no cases here to consolidate, so any relief under FRCP 42 and/or any analogous state laws is improper and, more importantly, impossible. Second, Mr. Goode objects to a dismissal without prejudice because it would give Plaintiff leave to refile at any time, and Mr. Goode wishes a resolution of any issues or claims in totality.

## CONCLUSION

AS SUCH, Mr. Goode respectfully requests this Court deny Docket 65.

Dated: November 27, 2018                                Respectfully Submitted,

                                                        s/ VALERIE YANAROS WILDE
                                                        VALERIE YANAROS WILDE
                                                        YANAROS LAW, P.C.
                                                        5057 KELLER SPRINGS, SUITE 300
                                                        ADDISON, TEXAS 75001
                                                        TELEPHONE: (512) 826-7553
                                                        FAX: (469) 718-5600
                                                        VALERIE@YANAROSLAW.COM

                                                        ATTORNEY FOR DEFENDANT
                                                        JAMES COREY GOODE

## CERTIFICATE OF SERVICE

THE UNDERSIGNED COUNSEL HEREBY CERTIFIES THAT ON THIS 27TH DAY OF NOVEMBER A COPY OF THE FOREGOING WAS FILED WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM. A COPY OF THIS DOCUMENT WILL BE SERVED UPON THE PLAINTIFF IN ACCORDANCE WITH FRCP 4.

                                                        /S VALERIE YANAROS WILDE
                                                        VALERIE YANAROS WILDE