## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| ALYSSA-CHRISTIE | § | |
| MONTALBANO | § | |
|     Plaintiff, | § | |
| | § | C.A. NO.: 1-18-CV-02060-RM-GPG |
|     v. | § | |
| | § | JURY TRIAL DEMANDED |
| JAMES COREY GOODE, | § | |
|     Defendant. | § | |
| | § | |

## MOTION TO SHOW CAUSE

Defendant **James Corey Goode** ("Mr. Goode"), respectfully files his

Motion to Show Cause in response to this Court's Order (Docket 75) in light of

Plaintiff Alyssa Montalbano's ("Plaintiff") First Motion to Amend Motion to

Remand (Docket 62) and considering Plaintiff's other motions filed (specifically,

Docket 73) following Judge Gallagher's Report and Recommendation to dismiss

Plaintiff's claims (Docket 57, the "R&R") and shows:

## RELEVANT PROCEDURAL HISTORY

Plaintiff has filed what it purports to be "Amended Complaints" following

the R&R entered on October 18 of this year. (*See* Dockets 62 and 73). This Court

ordered Plaintiff to "file a copy of the proposed Amended ***Complaint***" (emphasis

**MOTION SHOWING CAUSE**                                   **PAGE 1**

added) in compliance with local rules. (Docket 60). Plaintiff filed at Docket 62 a

request for *remand* in addition to an amended complaint based on a procedural

defect. (Docket 62 at 3, 4). This alleged procedural defect was that the removal

was not filed timely within 30 days. Mr. Goode has already addressed these

claims and, because of the Court's specific order to address subject matter

jurisdiction, will not address this portion of Docket 62. (*See* Docket 32).

## RELEVANT FACTUAL PREDICATE

Plaintiff, in compliance with Local Rule 15.1(b), struck out the vast

majority of its originally-filed "complaint". The only remaining matter that was

[1] not stricken and [2] not an inappropriate request for remand[1] are as follows:

I.  "Mr. Goode and Ms. Yanaros Wilde violated due process of law frustrate

    Ms. Montalbano's attempts to obtain protection of her Trade Secrets from

    further use by Mr. Goode (CRPC Rule 3.1, CRPC Rule 3.2, CRPC Rule

    3.4, CRPC Rule 3.5, CRPC Rule 3.8)"

    a.  (Docket 62 at 7).

---

[1] Per the Court's order at Docket 75, Mr. Goode is only addressing the issue of additional
request for remand based on lack of subject matter jurisdiction. Should the Court desire a
briefing on the untimeliness of the motion for remand for procedural defect, Mr. Goode
respectfully requests leave to respond to that issue separately.

**MOTION SHOWING CAUSE**                                    **PAGE 2**

II.   "Attorney, Ms. Yanaros Wilde has consistently and repeatedly helped Defendant be evasive, avoid disclosure, answer, or respond to the subject matter at hand. (FRCP 37(a)(4)) and Defendant by and through his Attorney have directly violated FRCP 11(b)(4) by way of denial of evidence that no longer can be considered reasonable. (Document 13;" (sic)

    a.  (Docket 62 at 12)

III.   "To further assist her client, Mr. Goode, Defendant, **in fraud and theft**; Ms. Yanaros Wilde, has now helped him open yet another improper case, in another district, this instant case, to further delay, impede, harass, and financially burden Ms. Montalbano with more unnecessary litigation and associated fees. (FRCP 11(b))"

    a.  (emphasis added) (Docket 62 at 12-13)

IV.   "Defendant, Mr. Goode, is to lawfully file his counterclaim, jury request, and any other related documents in the correct court, which is Mesa County District Court, case 18CV50."

    a.  (Docket 62 at 16)

V.   As of October 26, 2018 the following has been brought to Plaintiff's attention regarding Jurisdiction and relates back:

**MOTION SHOWING CAUSE**                                                  **PAGE 3**

1. This is a state court **fraud and theft** matter that falls under the jurisdiction of the Colorado Revised Statutes and The Colorado Uniform Trade Secrets Act (CUTSA): (sic)

2. The "complaint" filed at Document 26 by Defendant and his Counsel, cites no relevant statutes or codes to have justified Defendant and his Counsel removing Plaintiff's **fraud case** from state court to Federal Court.

3. Plaintiff opened the case in the proper court jurisdiction, state court. The following Colorado Revised Statutes correctly govern this case:

    a. 18-4-401(1) C.R.S. Defines theft as (paraphrased) 'A person commits **theft** when they knowingly obtains (sic) control over anything of value to another by deception.'

    b. 7-74-102 C.R.S. States (paraphrased) 'where an individual obtains Trade Secrets by means such as **fraud**, the Trade Secret will have been obtained by improper means and 'misappropriation' of a Trade Secret is likely to have occurred.'

    c. The Colorado Uniform Trade Secret Act (CUTSA) Revised Statutes Title 7 (7-74-101 through 7-74-110) governs the particulars of this instant **fraud case** and Plaintiff's proprietary Trade Secret materials.

**MOTION SHOWING CAUSE**                                       **PAGE 4**

     d. 7-74-103 C.R.S. provides for injunctive relief to protect Trade

     Secrets and may be administered by the state court on behalf of

     Plaintiff.

Any amended Complaint actions to be taken by Plaintiff are to be made in

the correct court jurisdiction, which is state court and is where the original

case was filed/opened by Plaintiff on grounds of fraud and theft.

Wherefore, in accordance with due process of law and the rules that govern

the state of Colorado and court jurisdiction; this case is to be remanded and

litigated in the state court where the case was originally brought by

Plaintiff for remedy and protection due.

     a.  (emphasis added)(Docket 62 at 24-26)

Matters II and IV are incorrect misstatements of the law, nonsensical or not

relevant, and as such will not be addressed. Matters I and III implicate the notion

of theft, trade secrets, and/or fraud and will be discussed below with Matter V.


## SUMMARY

Plaintiff is attempting to amend its claims to fall under state law purely for

the purpose of acquiring state jurisdiction. This is only because Plaintiff saw that

her claims are likely to fail in the current court. This is improper and a fraud on

**MOTION SHOWING CAUSE**                                            **PAGE 5**

the Court, and this court can (and should, for purposes of justice and judicial efficiency) retain jurisdiction and dismiss Plaintiff's claims in entirety.

Even though Plaintiff claims that its causes of action fall under state law, they do not. This clear difference in definition of "trade secret" under the Federal Defend Trade Secrets Act ("DTSA") and the Colorado Uniform Trade Secrets Act ("CUTSA") and her claims as pleaded show that her claims arise under federal law. Further, the use of "trade secret" is merely a feeble attempt to trigger CUTSA and place her claims in what Plaintiff believes to be a friendlier forum: state court.

Finally, Plaintiff's "dream visions" (the subject of the "fraud" and "theft" of which Plaintiff complains) are not trade secrets. Plaintiff admits to sending her "dream visions" to Mr. Goode, Mr. David Wilcock and Gaia as well as posting them on her blog, http://aristoneart.blogspot.com/ . Because of this, Plaintiff's alleged state law claims fall away and she is left with federal claims of wire fraud for Mr. Goode's alleged theft and interstate dissemination of her "dream visions".

## ARGUMENTS AND AUTHORITIES

Plaintiff is attempting to game the system by testing out different theories in different courts with Mr. Goode as the target of its repeated attacks. Plaintiff filed Docket 62 purporting to amend its complaints of copyright and trademark

**MOTION SHOWING CAUSE**                                    **PAGE 6**

claims as state theft, trade secret and fraud claims and are laid out above in

Matters I, III and V and are discussed below with its more recently-updated

claims in Docket 73.

***Plaintiff's alleged claims implicate federal (not state) law due to the amount in controversy and the fact that the conduct accused of is interstate***

Most recently, Plaintiff filed a Second Amended Complaint alleging of

what amounts to wire fraud "theft of approximately 500 handwritten dream

visions) (a federal claim under 18 U.S. Code § 1343[2]) use of militaristic tactics

"to emotionally manipulate Plaintiff" (or, racketeering in violation of RICO

UNDER 18 U.S.C. §§ 1961–1968 also federal claims). (Docket 73-1 at 8-9).

These claims are more properly in federal court due to, inter alia, the fact

that the "theft" of her "dream visions" is tied to the show that Mr. Goode was, at

the time, host of called "Cosmic Disclosure". Cosmic Disclosure is syndicated

(Docket 73-1 at 8) via Gaia, a worldwide network that reaches audiences across

the United States and the world[3]. Due to the nature of the alleged interstate

---

[2] The federal cause of action of "Fraud by wire, radio or television" states in relevant part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to **be transmitted by means of wire, radio, or television communication in interstate or foreign commerce**, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice…" (emphasis added). This cause of action preempts any state law theft claim.

[3] https://en.wikipedia.org/wiki/Gaia,_Inc. last accessed November 30, 2018.

dissemination of Plaintiff's "dream visions" worth "$70,000", the more proper forum for a claim of theft and fraud is within federal court. (*See* 18 U.S. Code § 2314 "Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting" for goods "having a value of $5,000 or more".) Plaintiff's attempt at invoking theft under state law fails due to the interstate nature and amount in controversy, and its theft claims arise under federal—not state—law. Further, wire fraud (mentioned above) is a criminal offense under federal law. It involves any scheme to defraud another person that uses electronic communications, either across state lines or internationally. (18 U.S.C. 1343).

Additionally, because the DTSA uses the language "tangible or intangible"[4] and CUTSA does not in the definition of "trade secret", Plaintiff is clearly maintaining a federal cause of action for alleged theft of trade secrets. Finally, Plaintiff has not shown *any* attempts to keep its alleged trade secrets "secret", via NDA or otherwise.[5] As such, all of Plaintiff's claims relating to trade secrets fail.

---

[4] *See* 18 U.S.C. § 1839(3).

[5] *See, e.g., Raben Tire Co., LLC v. McFarland*, 2017 U.S. Dist. LEXIS 26051, at *5–7 (W.D. Ky. Feb. 24, 2017) (finding plaintiff's failure to set forth in the complaint any measures it took to protect the allegedly misappropriated trade secret information from disclosure was fatal to plaintiff's claims and dismissing the complaint with prejudice)

**MOTION SHOWING CAUSE**                                        **PAGE 8**

***This Court has appropriate subject matter jurisdiction for a multitude of reasons.***

This Court should retain jurisdiction in this case for six main reasons:

1. Plaintiff's attempt at a remand for procedural defect is time-barred, as it was filed outside of the 30-day timetable. The only remaining relief can be for lack of subject matter jurisdiction.[6]

2. Plaintiff has engaged in manipulative tactics by moving to remand after Judge Gallagher's R&R has recommended the instant case will be dismissed. Plaintiff is simply gaming the Court and attempting to amend its claims in order to try her case again in another court. (*See* Carnegie Mellon University v. Cohill, 484 U.S. 343, 357 (1988)

3. Plaintiff claims were, at the time of removal, properly in a Court of Federal jurisdiction and not state Court—a fact that Plaintiff admits in its various filings, and by virtue of its attempt to cancel *all* of its originally-filed claims with other claims,

---

[6] *See* 28 U.S.C. § 1447(c), *Farmland Nat'l Beef Packing Co., v. Stone Container Corp.*, 98 Fed.Appx. 752, 756 (10th Cir.2004) "When there are [alleged] defects in the procedural steps of removal and/or remand the court must determine the effect of the remand's untimeliness on the defective removal. The Tenth Circuit has stated that the thirty-day period for a motion to remand "began to run when appellants filed their notice of removal in the district court." (unpublished opinion). This is not addressed in detail per FN 1 above, but Mr. Goode can fully brief the Court if it so desires.

4. Even if the current claims Plaintiff wishes to pursue are added in the place of its originally-filed alleged claims, they still fall within federal jurisdiction and are properly in this Court (as discussed above),

5. Plaintiff continues to allege inapplicable law for the claims it pursues, specifically:

   a. CO Rev Stat § 18-4-401(1) (2016) Theft (of "Something of Value")

   b. CO Rev Stat § 7-74-102 (2016) Theft of Trade Secrets

   c. Violation of the Colorado Uniform Trade Secret Act (CUTSA) Revised Statutes Title 7 (7-74-101 through 7-74-110) (which is exactly the same as (b) above, and as such is considered as one for purposes of this motion)

6. Plaintiff has consented to this jurisdiction on its own accord multiple times (volenti non-fit injura is apropos here), and only withdrew its consent after the R&R was issued by Judge Gallagher recommending dismissal the case,

7. An immense amount of prejudice and costs would be further imposed on Mr. Goode by replicating the efforts needed to respond to Plaintiff's duplicitous filings in another Court after already having to respond in this Court.

**MOTION SHOWING CAUSE**                                              **PAGE 10**

Each point will be addressed (with the exception of point 1 as noted above) below.

   **2. *Plaintiff's forum-shopping attempt should be thwarted; allowing it to invoke a different jurisdiction just because Plaintiff is facing possible defeat in the current jurisdiction is against notions of fair play and substantial justice***

Plaintiff attempts to amend its Motion to Remand and its Complaint not because it has discovered new claims, but as a logistical move to attempt to get in front of another trier of fact. (*See Jones v. Houston Independent School Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992) (denial of plaintiff's motion to remand was not an abuse of discretion because plaintiff's sole apparent reason for seeking remand was to destroy removal jurisdiction and where plaintiff moved to withdraw federal claims on the ground that they were meritless)). This type of gamesmanship puts further burden on an already-burdened court system and the Defendant in this action.

   As a guiding principle, a Court can consider the following factors when faced with a motion to amend to add a non-diverse defendant "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the

**MOTION SHOWING CAUSE**                                          **PAGE 11**

equities." (*Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013)). Here, Plaintiff is merely amending its claims to divest this Court of jurisdiction based on the R&R, and has been dilatory in seeking amendment by waiting until after the R&R was rendered. As discussed below, Mr. Goode will be substantially injured, and any possible injury to Plaintiff is ancillary due to the fact that it consented to jurisdiction—specifically, and in response to a Court order—in this Court.

### 3. Plaintiff's claims were filed in the proper court, a fact that Plaintiff has admitted. That fact has not changed.

By attempting amend its claims to fall under state law, Plaintiff has admitted that its claims were originally properly alleged under federal. Allowing amendment of Plaintiff's complaint would not eliminate a basis for this Court to exercise jurisdiction over this action, because removal jurisdiction is determined at the time of filing. (*Pfeiffer v. Hartford Fire Ins. Co*., 929 F.2d 1484, 1488 (10th Cir. 1991) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). If amendment is allowed, then the inquiry becomes whether to grant Plaintiff's request to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over this case or remand it to state court. *(See Gomez v. Chi St. Joseph's Children,* 2017

**MOTION SHOWING CAUSE**                                          **PAGE 12**

WL 3588665). For the reasons stated infra, this Court should retain jurisdiction, even over any possible remaining state court claims. None of Plaintiff's alleged claims have any basis in fact or law. Plaintiff is simply attempting to game the system in a desperate last attempt to gain another ear in another court, and should not be allowed to take advantage of the system any further.

### 4. Plaintiff's Claims are still in the proper court.

Even if this Court finds that some of the claims as amended are state court claims, it may still exercise jurisdiction over the remaining claims. (*See Gomez* at *1). However, as explained above, any alleged state court claims are merely alleged under state court law by name and are more appropriately governed by federal law.

### 5. Plaintiff is merely re-naming its federal claims with analogous state claims.

By stating analogous state law statutes, Plaintiff attempts to strip its Complaint of federal causes of action but, as explained below, fails.

### Theft

Plaintiff amends its complaint and alleges theft under Colorado Revised Statutes Section 18-4-401 which states in relevant part:

"A person commits theft when he or she **knowingly obtains, retains, or exercises control over anything of value of another** without authorization or by threat or deception;  or receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and:

> (a)  Intends to deprive the other person permanently of the use or benefit of the thing of value;
> (b)  Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit;
> (c)  Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit;
> (d)  Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person;  or
> (e)  Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement.
> (1.5)  For the purposes of this section, a thing of value is that of "another" if anyone other than the defendant has a possessory or proprietary interest therein.

(emphasis added).

As explained above, due to the preemption of the Federal Wire Fraud Act, Plaintiff's claims that include allegations of dissemination through television across the country are preempted and thus are not appropriate under state law.

***Trade Secrets***

Similarly, its attempted invocation of Colorado state trade secrets law fails. The definition of "trade secret" under DTSA is as follows:

**MOTION SHOWING CAUSE**                                    **PAGE 14**

(3)the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, **whether tangible or intangible**, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

    (A)the owner thereof has taken reasonable measures to keep such information secret; and

    (B)the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

(emphasis added) (18 USC § 1839(3))


The definition of "trade secret" under CUTSA is:

    . . . the whole or any portion or phase of any scientific or technical

information, design, process, procedure, formula, improvement,

confidential business or financial information, listing of names, addresses,

or telephone numbers, or other information relating to any business or

profession which is secret and of value. To be a "trade secret" the owner

thereof must have taken measures to prevent the secret from becoming

available to persons other than those selected by the owner to have access

thereto for limited purposes.


**MOTION SHOWING CAUSE**                               **PAGE 15**

(*See* C.R.S. § 7-74-102.)

Plaintiff, as explained above, is seeking protection for "dream visions". These would not fall under any of the above-described categories under the CUTSA (not "scientific or technical information" or "information relating to a business or profession"). If dream visions fall under any category protectable as a trade secret (they do not), then it would have to be "intangible property" as outlined under the DTSA. As such, if Plaintiff has any claim for trade secret misappropriation at all it would be under federal law.

### *Copyright*

Although Plaintiff claims it is not seeking claims based on copyright, copyright is the *only* type of protection that could possibly be afforded its written "dream visions". Even in its most recent amended complaint, Plaintiff references derivative works. (Docket 73-1 at 9). As explained in Mr. Goode's Motion to Dismiss (Docket 32-1), copyright protection would be all that Plaintiff has. Copyright is solely federal jurisdiction. Because Plaintiff has not filed any federal copyrights on her dream visions, all of her claims fail. That does not, however, divest this Court of jurisdiction. The matter is currently appropriately before this Court on allegations of federal copyright infringement.

**6.  *Plaintiff has consented to jurisdiction and thus will not be harmed by this Court retaining jurisdiction.***

In the instant case, Plaintiff only wishes to amend its motion to remand and its complaint due to the Report and Recommendation issued by Judge Gallagher in this case. (*See* Docket 73 at 5). Due to Plaintiff's lack of clarity in any of its pleadings, this Court required Plaintiff to state whether or not it still consented to jurisdiction in this Court. (*See* Dockets 47, 51, and 52). Plaintiff did. (*See* Docket 62 at 2, 51 and 52). *After* Plaintiff consented to jurisdiction, Judge Gallagher issued its Report and Recommendation stating that—considering *all* of Plaintiff's pleadings individually as possible complaints—Plaintiff's case should be dismissed. (Docket 57). Plaintiff will not be harmed by something to which it has consented. The Supreme Court has said "where the plaintiff himself has moved for a transfer [here, removal to federal court], surely the principle of *volenti non fit injuria* suffices to allay that concern". (*Ferens v. John Deere Co.*, 494 at 536 (1990)). As such, this Court should retain jurisdiction.

**7.  *Mr. Goode would suffer expansive prejudice should the court allow Plaintiff's dilatory tactics and forum shopping.***

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. (*Zenith Radio Corp. v. Hazeltine Research*,

Inc., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although leave to amend is generally freely granted, it will not be permitted

where the proposed amendment will be **futile**, or **where the request is untimely**

**and unduly prejudicial to the opposing part**. (emphasis added) (*Castleglen,*

*Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993)).

   Here, not only is the amendment futile (no cognizable claims exist as re-

pleaded in Dockets 62 or 73 due to the fact that you cannot steal "dream visions")

but the prejudice to Mr. Goode is staggering. Thousands of hours have been spent

responding to Plaintiff's multitudes of duplicitous filings and reading through

documents of "dream visions" that span over thousands of pages. The time,

money and energy (emotional and otherwise) spent is immeasurable. Further

delaying resolution by sending this case to another court would be crippling to

Mr. Goode and his family.

   In Plaintiff's "Motion to Amend Complaint By Filing State Court

Simplified Civil Procedure Complaint as Complaint" (Docket 73):

> "Trial courts should permit amendments to pleadings at any stage of the
> litigation process so long as undue delay does not result and other parties
> are not prejudiced by such amendments. *Ajay Sports, Inc. v. Casazza*, 1
> P.3d 267 (Colo.App. 2000)." (sic)

Plaintiff is right to bring this case to light, however in support of Mr. Goode's

position. This is because *Ajay Sports* is a case where the Colorado Court of

**MOTION SHOWING CAUSE**                                          **PAGE 18**

Appeals did not allow an amendment to a pleading. (*See Ajay Sports* at 273). The Court did not allow the defendant to amend its answer due to the fact that "his new attorney had just found evidence supporting the proposed amendments". *Id*. Ultimately, the appellate court did not find it an abuse of discretion that the trial court did not allow the amendment due to the undue prejudice it would cause the other parties.

As the Supreme Court stated in *Ferens*, "Prejudice to the defendant, it seems to me, occurs only when the plaintiff is enabled to have his cake and eat it too — to litigate in the more convenient forum that he desires, but with the law of the distant forum that he desires". (*Ferens* at 537). Allowing the Plaintiff to take advantage of federal or state court as it desires would achieve the same result. The prejudice felt by Mr. Goode would be immense, and that to the Plaintiff would be nonexistent—on the contrary, Plaintiff would be unjustly enriched to the tune of two bites at the same apple (or, cake).

## CONCLUSION AND REQUEST FOR ATTORNEYS' FEES

This Court has proper subject matter jurisdiction for the reasons stated above. Due to the fact that it still has subject matter jurisdiction, Mr. Goode respectfully requests this Court retain jurisdiction, not allow amendment of Plaintiff's complaint, and adopt the report and recommendation of Judge Gallagher.

**MOTION SHOWING CAUSE**                                                **PAGE 19**

Mr. Goode has undergone much financial strain in order to defend against Plaintiff's frivolous lawsuit and will prove through the litigation that Plaintiff's claims are factually unreasonable and completely lacking legal merit. Mr. Goode will seek to recover its attorney's fees to the fullest extent permitted by 15 U.S.C. § 1117(a) and as the Court may deem just and appropriate.

**AS SUCH, Mr. Goode respectfully requests this Court to DENY Plaintiff's claims and enter judgment GRANTING relief to Mr. Goode as requested, including the awarding of attorneys' fees.**

Dated: December 1, 2018                                   Respectfully Submitted,


                                                         s/ VALERIE YANAROS WILDE
                                                         VALERIE YANAROS WILDE
                                                         YANAROS LAW, P.C.
                                                         5057 KELLER SPRINGS, SUITE 300
                                                         ADDISON, TEXAS 75001
                                                         TELEPHONE: (512) 826-7553
                                                         FAX: (469) 718-5600
                                                         VALERIE@YANAROSLAW.COM

                                                         ATTORNEY FOR DEFENDANT
                                                         JAMES COREY GOODE

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED COUNSEL HEREBY CERTIFIES THAT ON THIS 30TH DAY OF NOVEMBER A COPY OF THE FOREGOING WAS FILED WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM. A COPY OF THIS DOCUMENT WILL BE SERVED UPON THE PLAINTIFF IN ACCORDANCE WITH FRCP 4.

/S VALERIE YANAROS WILDE
VALERIE YANAROS WILDE

**MOTION SHOWING CAUSE**                                              **PAGE 21**